## REGINA CO. v. GATELY FURNITURE CO.

(Supreme Court, Appellate Division, Third Department. March 8, 1916.)

1. SALES ⬤�ா428—ACTION BY SELLER—DEFENSE.
   That the seller of goods in one transaction broke its warranty of quality was no defense to its suit for the agreed price of goods sold subsequently, as its failure to deliver the goods, the price of which was sued for, or its breach of warranty as to such goods, would have been.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1214–1223; Dec. Dig. ⬤�ா428.]

2. PLEADING ⬤�ா370—RAISING ISSUE—DENIALS.
   The issue presented by the complaint is raised by the denials of the answer, not by the affirmative matter.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1210; Dec. Dig. ⬤�ா370.]

---

3. SALES ⬤⟹271—IMPLIED WARRANTY—STATUTE.

By direct provision of Personal Property Law (Consol. Laws, c. 41) § 97, as added by Laws 1911, c. 571, a dealer in goods sold by sample impliedly warrants that they are free from any defect, rendering them unmerchantable, which would not be apparent on reasonable examination of the sample.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 969–971; Dec. Dig. ⬤⟹271.]

4. SALES ⬤⟹288—WARRANTY—ACCEPTANCE—COMMON LAW.

At common law an express warranty survives acceptance, but an implied warranty does not.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823; Dec. Dig. ⬤⟹288.]

5. SALES ⬤⟹288—WARRANTY—ACCEPTANCE—STATUTE.

By direct provision of Personal Property Law (Consol. Laws, c. 41) § 130, as added by Laws 1911, c. 571, in the absence of agreement, acceptance of the goods by the buyer does not discharge the seller from liability for breach of warranty, provided the buyer, after acceptance, notifies the seller of the breach within a reasonable time after he learns or should learn of it.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823; Dec. Dig. ⬤⟹288.]

6. SALES ⬤⟹435(4)—REMEDIES OF BUYER—PLEADING BREACH OF WARRANTY—STATUTE.

The buyer of goods, who accepted delivery, defending the seller's suit for the agreed price on account of a breach of warranty, must plead the condition precedent to such warranty's surviving acceptance established by Personal Property Law, § 130, that he notified the seller of the breach after acceptance within a reasonable time of learning thereof.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1244, 1245; Dec. Dig. ⬤⟹435(4).]

Appeal from Special Term, Broome County.

Action by the Regina Company against the Gately Furniture Company. From a judgment (154 N. Y. Supp. 888) sustaining plaintiff's demurrer to the alleged defense and counterclaim, defendant appeals. Judgment affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Charles C. Annabel, of Waverly (James O. Sebring, of Corning, on the brief), for appellant.

T. B. & L. M. Merchant, of Binghamton, for respondent.

WOODWARD, J. The complaint alleges the incorporation of the plaintiff and defendant, and then sets forth that the defendant ordered from the plaintiff, on several dates, vacuum cleaners of different types, and that the said cleaners were shipped to the defendant, and were of certain agreed values; that these cleaners were received by the defendant, and that the latter agreed to pay for the same, but that no such payments had been made; and that the defendant was indebted for the aggregate of these shipments, amounting to $162.75. The answer admits the formal averments, and then, "further answering plaintiff's amended complaint, denies each and every allega-

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion contained therein, except as hereinafter admitted, qualified, or denied," and then, without making any admissions, qualifications, or denials, the defendant:

"Further answering plaintiff's complaint and for a defense thereto, alleges on information and belief" that "heretofore defendant had entered into an agreement with the plaintiff, wherein and whereby the plaintiff did agree to sell and deliver to defendant certain goods, wares, and merchandise at the agreed price of $162.75, and which goods the plaintiff warranted and represented to be of good and merchantable quality free from defects; that in pursuance of said agreement plaintiff did deliver certain goods, wares, and merchandise to defendant, but that the certain goods, wares, and merchandise so delivered were not as represented in said original agreement, and were not of a good and merchantable quality, and free and clear from defects, but, on the contrary, were of an inferior quality, and not the same as previous goods which had been sold and delivered to the said defendant heretofore by said plaintiff, and as plaintiff represented them to be; that said goods were not delivered at the time agreed upon and in accordance with the terms of the said original agreement, which is referred to in the plaintiff's complaint."

[1, 2] The plaintiff demurred to this alleged defense, on the ground that it is insufficient in law upon the face thereof; and we think it must be conceded that the matter pleaded as an affirmative defense is not such to the cause of action set forth in the complaint. The fact that the defendant may have had some other transaction with the plaintiff, in which the plaintiff failed to perform, is of no consequence. The question is whether the plaintiff sold and delivered certain specified goods to the defendant, which the latter has received and retained and refuses to pay for. This is the issue presented by the denials of the answer, and the new matter does not in any sense show that plaintiff is not entitled to recover upon the cause of action set forth in the complaint. It is not alleged that there was any failure to deliver the goods set out in the complaint, or that there was any warranty as to such goods which had not been fulfilled, and in the absence of such allegations no defense is presented. It is the purpose of pleadings to indicate the issues to be tried, and the alleged affirmative defense herein presented does not present such an issue, and, if it were established, it would not defeat this action. The issue presented is raised by the denials, not by the affirmative matter, and the court properly sustained the demurrer as to this feature of the answer.

The defendant then attempts to set up a counterclaim by alleging the incorporation of the defendant and plaintiff and that:

"Heretofore and at divers times between the 7th day of May and the 1st day of October, 1914, the plaintiff herein entered into an agreement to and with the aforesaid defendant, wherein and whereby the plaintiff did agree to sell and deliver to the defendant at its various places of business and at its store in Elmira, Chemung county, N. Y., and at Binghamton, Broome county, N. Y., various vacuum sweepers of the value and agreed price of $162.75, to which the defendant agreed; that said plaintiff at said time did warrant and represent the said goods so sold to be of good merchantable quality, and free from all defects, which goods were sold by the plaintiff to defendant by sample and from representations made by the plaintiff to defendant; that the said goods consisted of sweepers, etc., which were not as warranted and represented, and not free from defects, and were not of the same quality and condition and style as other sweepers previously sold by the plaintiff to defendant, which the said plaintiff represented to be of the same kind, condition, and quality; that the said goods were not delivered

within a reasonable length of time, in accordance with the original agreement made between plaintiff and defendant;" and that "by reason of the failure of the plaintiff to deliver the goods promptly as agreed upon as aforesaid, by reason of the inferior quality, which condition could not be disclosed by reasonable inspection, and by reason of default and negligence of the plaintiff to sell and deliver the aforesaid goods according to previous samples, plaintiff has been damaged in the sum of $50."

[3-6] To this alleged counterclaim the plaintiff demurred on the grounds that "said counterclaim is insufficient in law upon the face thereof, that the counterclaim is not of the character specified in section 501 of the Code of Civil Procedure, that the counterclaim does not state facts sufficient to constitute a cause of action," and the learned court at Special Term has sustained the demurrer. There is no allegation of any express warranty; but, as the plaintiff was a dealer in the kind of goods being sold, there was, of course, an implied warranty that the goods should be free from any defect, rendering them unmerchantable, which would not be apparent on reasonable examination of the sample. Personal Property Law, § 97. At common law an express warranty survives acceptance, but an implied warranty does not. Ferguson v. Netter, 204 N. Y. 505, 510, 98 N. E. 16. Section 130 of the Personal Property Law has, however, extended the rights of purchasers, and it is there provided that:

In "the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale."

This places the warranty, whether expressed or implied, upon the same foundation, but as a condition of this change it is provided, in the same section, that:

"If, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

Obviously the buyer takes this additional right to the survival of a warranty, expressed or implied, upon the condition that he shall give notice of a breach of the warranty within a reasonable time. Such notice is therefore a condition precedent, and this he is obliged to plead. There is nothing said in the alleged counterclaim of any notice having been given to the seller of any alleged breach of warranty, and in the absence of such an allegation there is a failure to state the facts necessary to constitute a counterclaim. Buffalo Wholesale Hardware Co. v. Hodgeboom, 90 Misc. Rep. 53, 55, 152 N. Y. Supp. 900, and authority there cited; Marx v. Locomobile Co. of America, 82 Misc. Rep. 468, 144 N. Y. Supp. 937.

The interlocutory judgment appealed from should be affirmed. All concur.