# Bromley, Appellant, v. Morse.

*Contract—Sale—Representations—Sale of bakery and machinery—Warranty—Sales Act of May 19, 1915, P. L. 543—Laches—Nonsuit.*

1. In an action to recover back part of the purchase money paid for a bakery, if plaintiff alleges that the defendant represented herself as the owner of the machinery connected with the bakery, whereas she held it under a lease from another, a nonsuit is properly entered if it appears from plaintiff's own testimony that he had taken possession of the bakery and subsequently executed and delivered a new lease to the owner of the machinery and paid royalties thereon for more than eight months without notifying defendant of the alleged misrepresentation.

2. Assuming that section 40 of the Sales Act of May 19, 1915, P. L. 543, applies to such a sale, the long delay, in giving notice of breach of warranty, precluded plaintiff from rescinding the contract.

3. In view of the unwarrantable delay, the court was justified in holding as matter of law, the failure to give notice was unreasonable in time.

Argued October 7, 1925. Appeal, No. 126, March T., 1925, by plaintiff, from order of C. P. Allegheny Co., April T., 1924, No. 141, refusing to take off nonsuit, in case of D. H. Bromley v. Daisy T. Morse. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for alleged breach of warranty in sale of bakery. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off.  Plaintiff appealed.

*Error assigned* was, inter alia, refusal to take off nonsuit, quoting record.

*Cyrus A. Davis,* of *Eckles & Davis,* for appellant, cited: Seigworth v. Leffel, 76 Pa. 476; Himes v. Kiehl, 154 Pa. 190.

*Elder W. Marshall,* of *Duffy, Marshall & Davis,* with him *W. S. Maxey,* for appellee, cited: Shoe v. Maerky, 35 Pa. Superior Ct. 270; Reynolds v. Ramsey, 56 Pa. Superior Ct. 97; Pasquinelli v. Mfg. Co., 272 Pa. 468.

OPINION BY MR. JUSTICE FRAZER, November 23, 1925:

Plaintiff contracted with defendant to purchase from her a bakery with its equipment, fixtures and good will for the sum of $11,000.  The agreement is in writing and bears date November 18, 1922 and describes the equipment as "a two-oven unit of the Federal System of Bakeries."  Plaintiff took possession of the property and continued to operate the business until October 20, 1923, when he sold it for $4,000.  On January 10, 1924, he brought this action to recover $7,000, the difference between the selling price and the amount he paid for the property, claiming defendant represented herself to be the owner of the machinery used in the business, whereas in fact it was merely leased to her by the Federal System of Bakeries of America under an agreement requiring her to pay stipulated monthly royalties.  Defendant denied having misrepresented the ownership of the machinery and averred that, during the negotiations and at the time of purchase, she informed plaintiff as to the rights and interests of the Federal System of Bakeries in the property, as well as the existence of the lease.  At the trial a nonsuit was entered, it appearing from plaintiff's testimony that he had taken possession of the bakery and subsequently executed and delivered

a new lease to the Bakeries System and paid royalties thereon for more than eight months without notifying defendant of the alleged misrepresentation. Plaintiff testified he was informed by defendant's agent in presence of defendant, that no royalties were attached to the machinery, that it was bought outright by defendant and the Federal Bakeries was not interested in the property, that nothing was said about a lease and the first knowledge he had of the existence of such agreement was the latter part of June or the first of July, 1923. He admitted, however, that on January 3, 1923, he executed a lease with the Federal Bakeries, similar to the existent one between that company and defendant, and on February 26, 1923, paid royalty under his agreement for the preceding months of December and January and continued thereafter to pay royalties monthly to the Bakeries System. His sole excuse is that he signed the lease without reading it, but offering no explanation of his act of paying royalties for a period of eight months without objection or inquiry as to his liability for the same. Taking plaintiff's testimony as a whole, the conclusion is irresistible that he was fully aware of the Bakeries Company's title to the property in question and its lease to defendant, at least six months previous to July 1, 1923, and made no complaint, until September 10, 1923, continuing in the meantime to pay regularly the royalties provided for in the contract which bears his signature.

Under these admitted facts, the evidence was clearly insufficient to sustain plaintiff's contention of a warranty made by defendant, concerning the title to the two-oven unit equipment; but even if we concede the existence of such evidence, plaintiff delayed for an unreasonable time to make complaint and, by his laches, is now precluded from attempting to rescind the contract or from claiming damages for breach of alleged warranty. Sec. 49 of the Sales Act of May 19, 1915, P. L. 543, is referred to by counsel for both appellant and

appellee in their argument. It provides that if the buyer fails to give notice to the seller of breach of warranty within a reasonable time after the buyer is aware of or should know of such breach, the seller is not liable therefor. Assuming for the purpose of this case that the act applies to sales of the character here involved, and that the question of what constitutes a reasonable time, is ordinarily one for the jury, the plaintiff here was guilty of such unwarrantable delay in asserting his claim that the court was justified in holding it to be unreasonable in time: 35 Cyc. 153; Wright v. Carbonic Company, 271 Pa. 332, 339.

Under the view of the case expressed above, we deem unnecessary a consideration of the other questions raised.

The judgment is affirmed.