WHITE PINE LUMBER COMPANY, INC. v. MADSEN & PETERSON.[1]

February 26, 1926.

No. 24,917.

**Notice of breach of warranty not given within reasonable time.**

Plaintiff sold two carloads of lumber to defendant who claims a breach of warranty as to quality. Upon examination of the record it is *held* that the evidence sustains a finding that defendant failed to give notice to the plaintiff of its claim within a reasonable time, as provided by G. S. 1923, § 8423.

Sales, 35 Cyc. pp. 423 n. 83; 464 n. 90.

Action in the municipal court of Minneapolis. Defendant counterclaimed for breach of warranty. The case was tried before C. L. Smith, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*James C. Melville*, for appellant.

*Keyes, Pardee & Solether*, for respondent.

WILSON, C. J.

This is an appeal from an order denying a new trial.

Plaintiff sued to recover $646.25, balance on two carloads of lumber sold to defendant. Defendant concedes the purchase and nonpayment, but pleads a counterclaim in excess of plaintiff's claim. Defendant claims a breach of warranty as to quality of the lumber. The contract of sale was made in Minneapolis relative to lumber in Wisconsin to be delivered at Kenosha, Wisconsin. One car was delivered March 14, 1923, and the other April 10, 1923. Defendant notified plaintiff on April 27, 1923, of its claim.

G. S. 1923, § 8423, provides that acceptance of the property by the buyer shall not discharge the seller from liability in damages

[1] Reported in 207 N. W. 628.

or other legal remedy for breach of any promise or warranty in the contract to sell or the sale.

"But if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

Defendant says this lumber was delivered at Kenosha and put on the ground by draymen, hence it did not learn of defects as soon as it might otherwise have done. There is, however, evidence in the case showing the presence of defendant's employes soon after the lumber reached its destination. The defects were such as could have been discovered on inspection as the lumber was unloaded, and much of the lumber was used before notice of the defects was given.

The trial court found that the notice was not given for 43 days after defendant received the first car and for 17 days after it received the second car, and that, under all the circumstances, the notice was not given within a reasonable time within the spirit and language of the above statute. This finding is well sustained by the evidence.

Defendant now claims that plaintiff waived the notice by asking that a letter be written and by a promise to settle, but the party to whom this statement was made denies it. There is no finding on waiver and none requested in the motion to amend the findings. This question is not before us.

Affirmed.