THE PATTERSON FOUNDRY & MACHINE CO. *vs.*
C. S. WILLIAMS LACQUER CO.

FEBRUARY 5, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J.   This is an action in assumpsit to recover the purchase price of three mills for grinding lacquer.   The case was heard by a justice of the Superior Court, sitting without a jury, and decision was rendered for the plaintiff for $1,256.82, the balance due on notes given in payment, plus interest.   The case is before us on defendant's exception to said decision.

The mills were delivered in September or the first part of October, 1926.   It was agreed that the amount of the purchase price be paid by a series of twelve notes.   These notes, dated November 27, 1926, were not returned to the plaintiff until January, 1927.   Defendant paid the first note after it was overdue.   In the latter part of March or the first part of April, 1927, the defendant complained that when the door of one of the drums was opened to discharge the lacquer small portions of pigment, which had collected under the edge of the door, dropped into the lacquer and ruined the finished product.   Plaintiff sent some cement to

be used to overcome this objection and later sent new doors. Defendant refused to use the new doors and, on June 8, 1927, wrote to the plaintiff stating that defendant rescinded the contract.

Defendant admitted that the machines were installed and ready for use not later than November 22, 1926, but contends that he did not attempt to grind with them until some time in March, 1927. From October, 1926, the plaintiff continued to demand that the defendant send back the notes. During all of this time the defendant made no complaint as to the performance or quality of the machines, except, immediately after they were delivered, calling attention to the fact that a slot in a gear was a trifle too narrow. This defect was at once remedied at the expense of the plaintiff who was informed of no other objection until March or April when plaintiff was pressing for payment of the notes.

The trial justice found that the mills were "not up to the contract" and also that the defendant failed to either rescind or give notice of a breach of the warranty within a reasonable time.

The defendant places much stress upon a provision in the contract as follows: "The Patterson Foundry & Machine Company hereby guarantees the above machinery to be free from material or mechanical imperfections and will replace any defective part within one year from date of shipment." This clause has no bearing upon the question of reasonable time.

The defense is based primarily upon the provisions of Sec. 7, Chap. 309, G. L. 1923, as follows: "(1) Where there is a breach of warranty by the seller, the buyer may, at his election—(a) Accept or keep the goods and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price." Said section must be read in connection with Sec. 9, Chap. 307, G. L. 1923, which is as follows: "In the absence of express or implied agreement of the parties, acceptance of the goods by the

buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

The defendant cited authorities to the effect that delay which works no injury to the other party does not affect the rights of the party who has delayed in rescinding the contract. A typical example is *Roberts* v. *James,* 83 N. J. L. 492, which case involved an executory contract for the sale of land. When suit was brought for the purchase price the purchaser defended on the ground of fraud. The Sales Act was in no way applicable to the case. Defendant also cited several cases holding that breach of warranty can be relied upon, even at a late date, when notice of defects has been seasonable and continuously brought to the attention of the seller. Such were not the facts in the case before us.

We are of the opinion that the evidence clearly warranted the finding that the defendant failed to give notice to the plaintiff of the breach of warranty within a reasonable time after the defendant knew or ought to have known of the breach.

The defendant's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Francis J. O'Brien,* for plaintiff.

*William S. Flynn, Edmund W. Flynn,* for defendant.