## Kull, Appellant, v. General Motors Truck Company.

Argued May 2, 1933.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Hugh Roberts,* with him *Simon Mustokoff,* for appel-
lant.—Where false affirmations of fact and false prom-

ises of vendor as to goods purchased are made to vendee, the natural tendency whereof was to induce buyer to purchase goods, and buyer relied thereon and signed written contract, it is not necessary to aver in action for damages under Sales Act of 1915, such false statements by vendor were omitted from contract by fraud, accident or mistake: Remaley v. Gas Co., 307 Pa. 237; Noel v. Kessler, 252 Pa. 244; Ferguson v. Rafferty, 128 Pa. 337.

Vendor of personal property under written sales contract can not contract therein against his own prior and contemporaneous false promises and affirmations of fact in inducing contract: Hogarth v. Grundy, 256 Pa. 451.

Vendee is not barred by laches when, immediately upon discovering falsity of vendor's false warranties, and before vendee has paid full purchase price for the goods, he gave notice to vendor of his election.

*Thomas Raeburn White,* of *White, Schnader, Maris & Clapp,* with him *Wayland H. Elsbree,* for appellee.— Where parties without any fraud or mistake have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement; that all preliminary negotiations are merged therein and that no collateral oral agreement may be enforced in such cases where the subject-matter of such oral agreement would naturally and normally be included in the written contract: Gianni v. Russell & Co., 281 Pa. 320; Speier v. Michelson, 303 Pa. 66; Hill & MacMillan v. Taylor, 304 Pa. 18.

Where there is a clause in a written contract to the effect that all agreements, oral or written, had been merged in the contract and that no oral representations or agreements are to be considered a part of it, such agreement will be strictly enforced and given the evident intention with which it was introduced, namely, to prevent claims of oral agreements to be made which were not included in the contract itself: Ridgeway Dynamo &

Engine Co. v. Cement Co., 221 Pa. 160; Union Car Advertising Co. v. Young, 95 Pa. Superior Ct. 223; East Coast Finance Corp. v. Linck, 104 Pa. Superior Ct. 518.

Appellant's delay in giving notice was so unreasonable as to relieve the appellee from any liability that might otherwise have existed: Bromley v. Morse, 284 Pa. 588; Bodek v. Avrach, 297 Pa. 225; Wright v. Carbonic Co., 271 Pa. 332; Hoover Body Co. v. Pendleton, 95 Pa. Superior Ct. 97.

OPINION BY MR. JUSTICE MAXEY, May 26, 1933:

This is an appeal from the judgment of the Court of Common Pleas of Philadelphia County, sustaining all the questions of law raised by defendant in its affidavit of defense.

Plaintiff in his statement of claim alleges: that on June 24, 1929, he purchased four automobile trucks from defendant; that on January 25, 1930, he purchased another truck; that prior to and contemporaneously with these purchases defendant, through its duly authorized general manager, one R. E. Cochrane, and its duly authorized office manager, one William Berg, falsely represented that two of the first four trucks were *1928* trucks when in fact one was manufactured by defendant in *1925* and the other in *1926;* that the other two were *1929* trucks when in fact they were manufactured in *1927;* that the last purchased truck was a *1929* truck when in fact it was a *1927* truck; that these false representations as to the trucks were the inducement for his making the purchases; that he relied implicitly on them because they were made by the manufacturer of the trucks; that, on such reliance, he entered into written contracts of purchase and deferred payment, the aggregate amount of these contracts being $15,667.57. The contracts contained no reference to the year the trucks were manufactured but contained the printed phrase: "No warranties have been made by the seller, unless endorsed hereon in writing."

On July 3, 1931, and before the entire purchase price had been paid, plaintiff for the first time discovered that the representations concerning the age of the truck had been false, and that the trucks were, therefore, worth no more than $5,100. He at once notified defendant that he purposed to keep the goods and bring action to recover damages in the amount of $10,567.57 (the difference between the contract price and the actual value) for breach of express warranties under the Uniform Sales Act of 1915.

Upon institution of plaintiff's action in trespass for breach of express warranty, defendant filed its affidavit of defense raising these questions of law:

1. The contracts contain printed matter to the effect that "No warranties have been made by the seller, unless endorsed hereon in writing."

2. The statement of claim nowhere avers that the omission of the warranties was by reason of fraud, accident or mistake.

3. Plaintiff is barred by laches in discovering and claiming the fraud.

After hearing arguments on these questions of law the court below sustained all of them and entered judgment for defendant on the pleadings.

The sole question herein is: Did the court thereby commit error?

This case is governed by section 49 of the Uniform Sales Act of May 19, 1915, P. L. 543, 69 P. S. 259, which provides, inter alia, that, "But if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty, *within a reasonable time after the buyer* knows or *ought to know* of such breach, the seller shall not be liable therefor [1915, May 19th, P. L. 543, section 49]."

In Bromley v. Morse, 284 Pa. 588, 131 A. 479, this court held that a delay of eight months by plaintiff in notifying defendant of the alleged misrepresentation in the sale of the bakery was an unreasonable delay within

the meaning of section 49 of the Sales Act. In Bodek v. Avrach, 297 Pa. 225, this court held that a delay of three and a half months after delivery of army blankets was an unreasonable delay under the Sales Act.

Appellant argues, "Even in equity laches only begins from the discovery of the fraud." It will be noticed that the Sales Act provides that the buyer must give "notice to the seller of the breach of any promise or warrant; within a reasonable time after the buyer knows or *ought to know* of such breach."

In Riley v. Boynton Coal Co. et al., 305 Pa. 364, 157 A. 794, in which laches was pleaded in a proceeding in equity, we said: "Our various statutes of limitations and the rulings of chancellors upon pleas of laches are expressive of the feelings of mankind that, where there are wrongs to be redressed, they should be redressed without unreasonable delay, and, where there are rights to be enforced, they should be enforced without unreasonable delay." In that case we cited with approval the following from Taylor v. Coggins, 244 Pa. 228, 90 A. 633: "Laches is not excused by simply saying: 'I did not know.' If by diligence a fact can be ascertained the want of knowledge so caused is no excuse for a stale claim. The test is not what the plaintiff knows, 'but what he might have known, by the use of the means of information within his reach, with the vigilance the law requires of him.' "

In view of plaintiff's laches it is not necessary to discuss the other questions raised in this case, although it is pertinent to call attention to the case of Gianni v. Russell & Co., 281 Pa. 320, 126 A. 791, where this court quoted with approval the following from Martin v. Berens, 67 Pa. 459, 463: " 'Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement.' " In the Gianni v. Russell & Co. case this court said: "There are, of course, certain exceptions to the

parol evidence rule but this case does not fall within any of them." Neither does the present case fall within any of them. Appellant's cause of action rests on two contracts of sale each of which contains in paragraph four thereof a provision reading: "No warranties have been made by the seller unless endorsed hereon in writing." Notwithstanding this provision in the contracts, appellant alleges that defendant's agents orally represented that the trucks described in the contracts had been manufactured in certain particular years. As the record stands, to permit the alleged warranty to be proven would be to depart from the law as interpreted by this court. In Hill & MacMillan, Inc., v. Taylor et al., 304 Pa. 18, 155 A. 103, we said: "The courts have during recent years insisted upon rigid adherence to the rule that when parties commit their engagements to writing, i. e., integrate their understandings and agreements into a formal, explicit contract and when they exclude from the contract, as they did here, all previous communications not contained in the contract and provide that no modification shall be binding unless in writing, they cannot be permitted, in a suit brought on the written contract, to prove parol modifications of that contract unless they aver fraud, accident or mistake in omitting from the writing sued on the terms afterwards offered in evidence." In this case now before us, as in the one just cited, there is no such averment.

Upon the facts averred, which show laches, plaintiff is not entitled to leave to amend his statement, for it clearly appears as a "question of law" that plaintiff is not entitled to recover. See Rhodes v. Terheyden, 272 Pa. 397, 116 A. 364.

The judgment is affirmed.