**BYERS v. OLANDER.**

**Civ. A. No. 6637.**

District Court, W. D. Pennsylvania.

Jan. 9, 1948.

Doty & Thornton, of Pittsburgh, Pa., for plaintiff.

David S. Palkovitz, of McKeesport, Pa., for defendant.

GOURLEY, District Judge.

This is an action brought by H. C. Byers, plaintiff, against Hallie Ward Olander, defendant, under the provisions of the Emergency Price Control Act of 1942, as amended and extended, 50 U.S.C.A.Appendix, § 901 et seq., and the Housing and Rent Act of 1947, Public Law No. 129, 80th Congress, 50 U.S.C.A.Appendix, § 1881 et seq.

It is contended that the defendant and landlord of the housing accommodations received rental during the effective period of the Housing and Rent Act of 1947 in excess of the maximum rent prescribed under the provisions of said Act. In addition to the claim for the overcharge in the rental, a demand is made for liquidated damages and reasonable costs and attorney's fees. No request for jury trial was filed by the plaintiff.

The defendant has filed a motion for a more definite statement and bill of particulars, setting forth, inter alia, that the pleading is vague, general, indefinite and not susceptible to a definite responsive answer.

I believe that the complaint meets the requirements of Rule 8(e) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which Rule requires only that "a pleading shall be simple, concise, and direct".

The motion for a more specific statement or a bill of particulars is filed on the basis of Rule 12(e) of the Federal Rules of Civil Procedure. Rule 12(e) necessarily calls for construction that opposes pleading evidence, and the words "or to prepare for trial" pertain only to the composition, service and filing of an answer to a complaint.

No need exists for the citation of authorities for the reason that the law is settled that a motion for a more definite statement or bill of particulars should not be granted where the information desired can be gained by a request for admissions, and interrogatories or depositions.

Furthermore, the Supreme Court of the United States in the amendment to Rule 12(e), which will become effective March 19, 1948, abolishes the motion for a bill of particulars. The motion for a more definite statement is the exact equivalent of the motion for a bill of particulars. When the Supreme Court of the United States provided for the abolishment of the motion for a bill of particulars it did at the same time intend to amend the rule with respect to a more definite statement so as

to limit the cases where such a motion might be proposed.

I believe the plaintiff has complied with the provisions of Rule 8(e) of the Federal Rules of Civil Procedure, and the motion for a more definite statement or a bill of particulars is, therefore, refused. The defendant is directed to file a responsive pleading within twenty days from the date of the filing of the within order.