## UNITED STATES v. AMERICAN RADIATOR & STANDARD SANITARY CORP. et al.

### Civ. No. 2387.

United States District Court
D. Minnesota, Third Division.

Sept. 28, 1953.

George E. MacKinnon, U. S. Atty., Richard W. Johnson, Sp. Asst. U. S. Atty., Clifford Janes, Asst. U. S. Atty., St. Paul, Minn., for plaintiff.

Cleon Headley and David W. Raudenbush (of Morgan, Headley, Raudenbush & Morgan), St. Paul, Minn., for defendants.

DONOVAN, District Judge.

This matter is before the Court on defendants' motion to dismiss, hearing thereon having been had on June 9, 1953.

■■■■■ This is a motion by the defendants, pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S. C.A., to dismiss the complaint on the ground that it fails to state a claim. On such a motion, of course, the facts pleaded in the complaint must be accepted as true, and the dismissal warranted only if the complaint makes clear that plaintiff would not be entitled to recover under any discernible circumstances.[1]

Plaintiff seeks damages in the sum of $1,106,759.19 for breach of implied warranties.[2] Defendants now move for dis-

---

1. A motion to dismiss for failure of a complaint to state a claim is a substitute for the former and now obsolete demurrer. Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302, 305. Such a motion admits the existence and validity of the claim as stated, but challenges plaintiff's right to relief. See Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411, 412, and cases cited therein; 2 Moore's Federal Practice, 2d Ed., par. 12.10, page 2257.

2. The pertinent parts of the complaint herein challenged by defendants are as follows:

"That the United States of America is a sovereign and brings this action on its own behalf under Section 1345, Title 28 U.S.C.; that the defendant American Radiator and Standard Sanitary Corporation is a corporation organized and existing under the laws of the State of Delaware, and is doing business in the State of Minnesota; that the Grinnell Company, Inc., is a corporation organized and existing under the laws of the State of Delaware, and is doing business in the State of Minnesota.

"That the Twin Cities Ordnance Plant, Ramsey County, Minnesota, was constructed under a cost-plus-a-fixed-fee contract with the Federal Cartridge Corporation of Minneapolis, Minnesota; that Foley Brothers, Inc., of St. Paul, Minnesota, and Walbridge Aldinger Company of Detroit, Michigan, as joint venturers, were the construction subcontractors under a fixed-fee subcontract; that Reuben L. Anderson, Inc., of St. Paul, Minnesota, was the plumbing and mechanical sub-subcontractor under the aforementioned construction subcontract.

"That in the prosecution of the aforementioned contracts the said Reuben L. Anderson, Inc., purchased during the months of October, 1941, through and including May, 1942, various quantities of material from the defendants herein for use in the installation of an underground piping system; that the purchases of said material were made subject to an invitation for bids, * * *.

"That pursuant to the aforementioned invitation for bids, material to the value of $275,276.73 was purchased from these defendants; $196,169.88 to the defendant American Radiator and Standard Sani-

missal on the grounds that the complaint fails to allege timely notice of the purported defects and breaches of warranty [3] and that from the face of the complaint it appears that the statute of limitation has run.[4]

As to timely notice, defendants contend (1) that the government has failed to state a cause of action in that the complaint does not contain *any* allegation of notice; (2) that even if by the most liberal construction the complaint should be construed to contain *an* allegation of notice, such notice can only be construed, at best, as running from the time of the assignments and that, therefore, the government cannot prevail because the claims it succeeded to were no longer alive.

In the interest of clarity we summarize the facts as outlined in the complaint (marginal note 2, supra). Sometime prior to October, 1941, the United States entered into a contract with Federal Cartridge Corporation for construction of the Twin Cities Ordnance Plant. By a series of subcontracts entered into during a period of time extending from October, 1941, through May, 1942, Anderson, Inc., a sub-subcontractor, purchased material from the present defendants. The installation of this material was completed in or about the spring of 1942 (when the first failures occurred). The installation system was condemned on August 1, 1942. On March 8, 1943, Anderson assigned its rights to the United States and on September 3, 1952, the Comptroller General of the United States issued the Certificate of Indebtedness [5] referred to in the complaint, supra.

tary Corporation, and $79,106.85 to the defendant Grinnell Company, Inc., was paid for said purchases.

"That said material furnished by the defendant American Radiator and Standard Sanitary Corporation was defective; failed to meet the specifications set forth, and was so unfit for the purpose that the underground piping system hereinbefore referred to had to be replaced at a total cost to the Government of $798,889.84, as is more fully set forth by Certificate of Indebtedness No. US–74675, * * *.

"That said material furnished by the defendant Grinnell Company, Inc., was defective; failed to meet the specifications set forth, and was so unfit for the purpose that the underground piping system hereinbefore referred to had to be replaced at a total cost to the Government of $321,572.77, as is more fully set forth by Certificate of Indebtedness No. US–74674, * * *.

* * * * *

"That on March 8, 1943, the said Reuben L. Anderson, Inc., assigned any and all interest and right herein to the plaintiff herein."

3. 30 Minnesota Statutes Annotated, Section 512.49, provides as follows:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall *not be liable therefor*."

4. 32 Minnesota Statutes Annotated, Section 541.05(1) provides as follows:

"The following actions shall be commenced within six years: (1) Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed; * * *."

5. Certificate of Indebtedness No. US–74675 reads in part as follows:

"In the prosecution of the aforementioned cost-plus-a-fixed fee contract for the construction of the Twin Cities Ordnance Plant for the War Department, Reuben L. Anderson, Inc., sub-subcontractor thereunder, purchased various quantities of Ric-Wil presealed insulated pipe conduit for use in the installation of an underground piping system, for the total sum of $275,276.73, * * *.

"Deliveries of the conduit were commenced about the middle of November 1941 and completed about the first of June 1942, and installation of the conduit for steam lines was made as the materials were delivered. During the spring of 1942, leaks occurred in the conduit in the installed steam distribution system, and in order to rectify this condition certain sections of the conduit were removed from the line, allowed to dry, wrapped with muslin, coated with as-

Defendants, in oral argument and by brief, contend that the complaint fails to state a claim in that it contains *no* intimation of *notice or demand* made at any time prior to the commencement of the present action. They argue that only from said "Certificates" can one extract any information on the subject of demand.[6] Defendants emphasize that even though the complaint, on motion to dismiss, is entitled to the benefit of every doubt, it cannot be aided by sheer invention and that the most liberal construction to which it is susceptible would establish notice at the earliest moment it could be placed, namely, following the assignments of March 8, 1943. Defend-

ants, therefore, contend that a claim of the sort here involved, which is dependent for its vitality upon the giving of timely notice, cannot be regarded as still alive when no notice has been given up to the time of the assignments occurring from seven months to a year after knowledge of the alleged defects was in possession of the party charged therewith.

Plaintiff, conceding that sovereignty alone does not relieve it from compliance with the notice requirement of Section 49 of the Uniform Sales Act[7], earnestly urges adequacy of its complaint upon the ground that it "gives the opposing party fair notice of the nature and basis or grounds of the claim and a general in-

---

phalt and placed back in line. However, during the summer and fall of 1942, additional leaks in the conduit were discovered as well as leaks in the condensate return lines installed within the conduit. Failure in the underground steam distribution line became so pronounced that under date of August 1, 1942, the contracting officer ordered that those portions of the system be replaced by overhead lines. Accordingly, this work was done and new materials were furnished.

"By provisions of an instrument dated March 8, 1943, the sub-subcontractor, Reuben L. Anderson, Inc., assigned to the United States its right, title, and interest involved in your failure to supply conduit meeting the contract (purchase order) specifications. * * *

"Accordingly, demand was made by the Government upon you for payment of your proportionate share of 71.3 percent of the extra expense incurred by the Government in providing the substitute facilities to replace the faulty conduit, including fixed fees paid by the Government, which share amounted to $798,-889.84. You have failed to pay this amount and you are therefore indebted to the United States in the said sum of $798,889.84 less amounts otherwise due you totalling $263.79, or $798,626.05, as stated below: * * *."

Certificate of Indebtedness No. US–74764, issued to Grinnell at its Minneapolis Branch, is identical in terms with that hereinabove quoted, except that the net amount claimed is the gross amount of $321,572.77 reduced by offsets aggregating $1,971.08, or $319,601.69.

6. Defendants' argument on this is substantially as follows: "After reciting the assignment by Anderson to the United

States on March 8, 1943 of the respective claims now in suit, each Certificate proceeds: 'Accordingly, demand was made by the Government upon you for payment * * *.' Nothing is said about the date of such demand, and nothing is implied, unless it be by the introductory adverb, 'accordingly,' or by the statement at the end of each certificate that it supersedes an earlier one, dated November 8, 1946. Neither is it suggested, except by possible inference, that the 'demand' included a 'notice' adequate to satisfy Section 49 of the Uniform Sales Act."

7. In earlier argument, plaintiff advanced that Section 512.49 was a limitation statute, not a condition precedent to recovery, and thus not applicable to the United States. While this point need not now be considered seriously, this Court would have little difficulty deciding that the Minnesota statute in question is a condition precedent, substantive, not remedial in character. Marsh Wood Products Co. v. Babcock & Wilcox Co., 207 Wis. 209, 240 N.W. 392, 398; Williston on Sales, Volume 2, page 1259, section 484–a. As such the United States would be bound by such requirement as any other plaintiff. United States v. Dewart Milk Products Co., D.C.W.D.Pa., 300 F. 448, reversed on other grounds, 3 Cir., 9 F.2d 705.

The instant type statute has been interpreted by Williston as having substantially changed the common law. Williston on Sales, Volume 2, page 1258. The Minnesota statute under consideration here apparently has also changed the common law and thus makes distinguishable the case of United States v. City of Minneapolis, D.C.Minn., 68 F.Supp. 585.

**426**

dication of the type of litigation involved, citing as authority 2 Barron and Holtzoff, Federal Practice and Procedure, 432. While plaintiff advances four contentions why the requirement of notice in this (a) may not exist, or (b) may have been met,[8] for all practical purposes the basic issue is whether "notice" as involved in the controlling statute, must be pleaded with particularity, or whether a mere general pleading will suffice.

In determining this question and its effect in the instant case, it should be observed that plaintiff at no time, by motion or otherwise, sought to amend its complaint, and hence the Court must view and consider the complaint as it now stands, in deciding the fundamental issue herein as to whether a claim has been stated under the governing rule.

Defendants have persuasively argued and cited to the Court numerous decisions in support of their contention that "notice" must appear on the face of the complaint.[9]

First of all, it would appear that the greater weight of authority requires the pleading of "notice" under the Uniform Sales Statute here in question. Liberally construing the complaint, it may be said that it does contain a sufficient allegation of notice as of the time of the assignments. However, it is clearly evident on its face that it contains *no* allegation whatsoever, of any notice prior to the assignments, or on the part of Anderson, Inc. The Court is of the opinion that this point relied on by defendants (see footnote 6, supra) is well taken and that even under the most liberal interpretation of the Federal Rules of Civil Procedure, a trial court cannot infer something which has not in fact been pleaded, and it must be concluded, therefore, that the complaint, *as it now*

---

**8.** Plaintiff contends that (1) M.S.A. § 512.-49 does not require notice in all cases; (2) that the complaint does plead notice; (3) that defendants' motion is based upon unwarranted factual assumptions that plaintiff had knowledge of breach of warranty at the time the steam line was abandoned; and (4) that an allegation of notice of breach of warranty is not a requirement to an adequate statement of claim.

**9.** See as to State courts:

Regina Company v. Gately Furniture Co., 171 App.Div. 817, 157 N.Y.S. 746, 749, wherein the court stated: "Obviously the buyer takes this additional right to the survival of a warranty, expressed or implied, upon the condition that he shall give notice of a breach of the warranty within a reasonable time. Such notice is therefore a condition precedent, and this he is obliged to plead."

Jan Ree Frocks, Inc., v. Pred, 68 S.D. 356, 2 N.W.2d 696, 697, wherein the court stated: " * * * The giving of such notice must be pleaded and proved by the purchaser seeking to recover or defend for the breach of warranty."

W. S. Maxwell Co. v. Southern Oregon Gas Corporation, 158 Or. 168, 74 P.2d 594, 597, 75 P.2d 9, 114 A.L.R. 697, 706, wherein the court stated: " * * * The clear and practically unbroken current of authority establishes the doctrine that the requirement of notice, to be given by the vendee charging breach of warranty, is imposed as a condition precedent to the right to recover, and the giving of notice must be pleaded and proved by the party seeking to recover for such breach."

as to Federal courts:

Matheny v. Porter, 10 Cir., 158 F.2d 478, 479 (involving a defect in pleading a motion to dismiss under the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq.) wherein the court stated: " * * * In a case of this kind brought under the provisions of a statute creating the right of action * * * by requiring that the suit to enforce it be brought within a limited time, it must affirmatively appear from the face of the complaint that the action was commenced within the prescribed time. * * * "

John F. Jelke Co. v. Smietanka, 7 Cir., 86 F.2d 470, 471 wherein it was held that "Where the limitation is in the nature of a condition to plaintiff's cause of action, he must allege facts showing that his action is within the statutory period, the limitation going to the right of action itself as well as to the remedy. * * * [The pleader should] show compliance with all conditions provided by the statute * * *."

*stands,* alleges notice only as of the time the assignments were made.[10]

■ We come thus to one of the paramount issues of the instant case, and that is whether, as a matter of law, notice given from seven months to a year after the alleged defects must have been known to plaintiff and its assignor, is so unreasonable as to preclude recovery.[11] While the question of due notice is usually one of fact, conditions may exist which make that question one of law.[12]

The Court is convinced that the greater weight of authority justifies the conclusion that, as a matter of law, an attempted rescission seven months to a year after knowledge of the alleged defects is unreasonable.[13] In arriving at this conclusion the Court is aware that the plaintiff seeks to distinguish and limit the authorities cited in footnote 13 as being for the most part State Court decisions antedating the Federal Rules of Civil Procedure, but this line of ar-

gument is unimpressive and without merit.

■ The additional argument offered by plaintiff to the effect that the nature of the material (a sealed conduit) made any defects difficult of discovery and thus not obvious, is advanced in justification and excuse for delay in giving the required notice. Any such claim is made ineffective by the admission set forth in the plaintiff's Certificates of Indebtedness stating that leaks occurred during the spring of 1942, and that certain sections of the line were then removed by reason of such defects and repaired. Furthermore, mere uncertainty as to whether there has been a breach of warranty does not excuse the giving of prompt notice.

The remaining contention of plaintiff that M.S.A. § 512.49 does not require notice in all cases is not convincing in that the instant case, on the face of the complaint, does not appear to be an ex-

---

10. This conclusion disposes of plaintiff's contentions that the complaint does plead notice, or alternatively, that notice need not be pleaded.

11. Section 49 of the Uniform Act makes the act of acceptance the event after which the duty of discovering defects and giving notice within a reasonable time arises. To understand this issue more fully, it is important to reiterate that the Certificates of Indebtedness show that deliveries to Anderson were commenced about the middle of November, 1941, and completed about the first of June, 1942. The Certificates state that leaks occurred in the conduit during the spring of 1942, and that after further trouble, the line was ordered replaced on August 1, 1942. The subsequent assignments followed on March 8, 1943.

12. Laundry Service Co. v. Fidelity Laundry Machinery & Engineering Co., 187 Minn. 180, 245 N.W. 36.

13. In Laundry Service Co., supra, the Court held an attempted rescission more than four and one-half months after the installation of certain machines unreasonable under the circumstances. For other decisions holding unreasonable time see: White Pine Lumber Co. v. Madsen

& Peterson, 166 Minn. 228, 207 N.W. 628 (delay of 43 days held unreasonable); Stewart v. B. R. Menzel & Co., 181 Minn. 347, 232 N.W. 522 (delay of six months held unreasonable); Heibel v. United States Air Conditioning Corporation, 206 Minn. 288, 288 N.W. 393 (delay lasting from August 22, 1935, until March, 1936, held unreasonable as matter of law); Bromley v. Morse, 284 Pa. 588, 131 A. 479 (8 months); Moore v. Foss & Co., D.C., 18 F.2d 635 (6 to 7 months); Wildman Mfg. Co. v. Davenport Hosiery Mills, 147 Tenn. 551, 249 S.W. 984 (7 months); Lincoln v. Croll, 248 Mass. 232, 142 N.E. 820 (8 months); Patterson Foundry & Machine Co. v. C. S. Williams Lacquer Co., 52 R.I. 149, 158 A. 721 (6 months); Pierce Foundation Corp. v. Eagle Pipe Supply Co., Sup., 180 N.Y.S. 88, (4 months); Tegen v. Chapin, 176 Wis. 410, 187 N.W. 185 (57 days); Columbia Axle Co. v. American Automobile Ins. Co., 6 Cir., 63 F.2d 206, 208 (Court held that where facts were not disputed and there was no room for conflicting inferences question of reasonable notice became one of law); Hazelton v. First National Store, Inc., 88 N.H. 409, 190 A. 280, 282 (question of notice held to be one of law under the circumstances).

ception to the statutory requirement. The complaint, with what it lacks and contains, makes unnecessary a trial of fact issues admittedly complex and prolix.

 An issue of fact is not "genuine" within the governing Federal Rule of Civil Procedure, and cannot preclude a granting of the motion herein made, unless it has legal probative force as to a controlling genuine issue of material fact.[14]

Whether directed at the right or the remedy, the principle is the same. Plaintiff's failure to plead timely notice suggests inability so to do. This is particularly so where the limitation is so patently disclosed (by reading between the lines) in the exhibits attached to the complaint of the instant case. The applicable statute, 30 Minnesota Statutes Annotated § 512.49, is but a restatement of the law of equity governing laches. The situation of the parties may have changed. Witnesses may have died, or evidence may have been lost in the lapse of time. To avoid such possibilities the statute requires "notice * * * within a reasonable time."

The Court, therefore, concludes that the motion for dismissal must be granted, for the reason that the complaint fails to allege timely notice and the contents thereof make obvious that timely notice was not given.

The conclusion reached makes unnecessary any discussion of the alternative contention of defendants that the six-year statute of limitation had run.

In granting this motion for dismissal, the Court is not overlooking the fact that the Court of Appeals, Eighth Circuit, has consistently reversed and set aside orders for dismissal and summary judgment unless it clearly appeared that there was no genuine issue as to a material fact. Dennis v. Village of Tonka Bay, 8 Cir., supra, 151 F.2d 411, 412; United States v. Arkansas Power & Light Co., 8 Cir., 165 F.2d 354, 357; Traylor v. Black, Sivalls, & Bryson, 8 Cir., 189 F.2d 213, 216; Durasteel Co. v. Great Lakes Steel Corp., 8 Cir., supra, 205 F.2d 438, 441.

The instant case, however, is distinguishable from the last-cited cases in this, that if the statutes in question (marginal notes 3 and 4, supra) apply to the plaintiff, the pleaded facts viewed in a light most favorable to the plaintiff make obvious that the complaint fails to state a claim, and hence there is no genuine issue as to a material fact. Manifestly, therefore, what is pleaded in the complaint, showing noncompliance with said statutes, needs no affirmation by pleading or proof on the part of defendants.

If said statutes, or either of them, apply to plaintiff's cause of action, that should end the matter and a protracted and expensive trial eliminated by speedy and inexpensive procedure provided herein by the Federal Rules of Civil Procedure.

The motion for dismissal is granted.

Plaintiff is allowed an exception.

---

14. Durasteel Co. v. Great Lakes Steel Corp., 8 Cir., 205 F.2d 438, 441; Columbia Axle Co. v. American Automobile Ins. Co., 6 Cir., 63 F.2d 206; Wood v. Heyer, 179 Wis. 628, 191 N.W. 971. (These cases are illustrative for the purpose of disposing of plaintiff's contention that the defendants' motion is based upon unwarranted factual assumptions that plaintiff had knowledge of breach of warranty at the time the steam line was abandoned.)