**Otto E. PRITCHARD, Plaintiff,**

v.

**LIGGETT & MYERS TOBACCO COMPANY, a Corporation, Defendant.**

**Civ. A. No. 12820.**

United States District Court
W. D. Pennsylvania.

Aug. 2, 1955.

James P. McArdle, Pittsburgh, Pa., for plaintiff.

Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

MILLER, District Judge.

This case is before the court upon (1) defendant's motion to strike portions of the complaint, (2) defendant's motion for more definite statement, (3) defendant's motion to dismiss, (4) defendant's objection to request for admissions, (5) defendant's objection to interrogatories, and (6) plaintiff's motion for a protective order against defendant's taking plaintiff's deposition.

The court's jurisdiction is based upon diversity of citizenship and the amount in controversy. The complaint was filed October 30, 1954. The following facts appear from the complaint, as amended. Plaintiff smoked defendant's Chesterfield cigarettes from 1921 until December 1953. Defendant maliciously, wantonly, fraudulently, and deceitfully represented to the public, including plaintiff, that, inter alia, the use of defendant's cigarettes was not harmful to health. Defendant intended such representations to be act-ed upon. Defendant negligently manufactured cigarettes containing harmful ingredients which made the cigarettes dangerous for human consumption. Smoking defendant's cigarettes caused plaintiff a carcinoma of the right lung and other injuries and damages. Actual damages and exemplary and punitive damages are demanded. In a second count, many of the foregoing allegations are incorporated, and it is further alleged that defendant warranted that its cigarettes were free from any injurious substances and were wholesome, suitable and fit for use and consumption by the general public, including plaintiff. Other alleged warranties relating to the healthfulness of smoking defendant's cigarettes are averred. However, defendant's cigarettes contained, and defendant knew they contained, harmful ingredients, wherefore plaintiff suffered the injuries mentioned above. Plaintiff smoked defendant's cigarettes, induced by defendant's warranties and relying upon defendant's skill and judgment. Plaintiff gave written notice of the breach of warranty to defendant prior to filing the complaint.

### 1. Motion to strike.

The first four paragraphs of and the amendment to the motion to strike seek to strike from the complaint all references to the general public. The averments of the complaint do not indicate that plaintiff's claim lies in the fact that the alleged representations were made to the public. Rather, it appears that the references to the general public were included to show in what manner representations were made to plaintiff, i. e. as a member of the general public. Defendant is not harmed by plaintiff's pleading the facts upon which he relies with greater than the minimum amount of detail required by the Federal Rules of Civil Procedure, 28 U.S.C. The allegations are not clearly impertinent, scandalous, immaterial, or redundant. See Gas. Consumers Ass'n v. Philadelphia Gas Works Co., D.C.E.D.Pa.1951, 12 F. R.D. 125, 127; 1 Barron and Holtzoff,

Federal Practice and Procedure § 367 pp. 737–42 (Rules ed. 1950).

By the fifth paragraph of the motion to strike, defendant seeks to strike the claim for punitive damages in the second count of the complaint. Plaintiff has conceded the merits of this contention, and a stipulation has been filed withdrawing plaintiff's claim for punitive damages in the second count of the complaint.

Defendant's motion to strike will be denied.

2. Motion for more definite statement.

The first paragraph of defendant's motion for more definite statement seeks to require a more definite statement with respect to the state in which plaintiff claims citizenship. Plaintiff has fulfilled this requirement by amending his complaint.

The second paragraph of the motion seeks to require plaintiff to plead the date on which he gave written notice of breach of warranty and the date when he first learned of such breach. The third paragraph of the motion seeks to require plaintiff to plead the date when he first learned that he had developed a carcinoma of the right lung. The fourth paragraph seeks to require plaintiff to plead the date when plaintiff stopped smoking Chesterfields, it appearing from the fourth paragraph of the complaint that plaintiff smoked Chesterfields "until December 1953", but also that "retailers * * * sell said cigarettes to the general public, including plaintiff." (Emphasis supplied.)

The information sought by the third paragraph of the motion may or may not determine when plaintiff knew or should have known of the alleged breach of warranty. It is clearly a subsidiary fact which should not be required to be pleaded.

The information sought by the fourth paragraph of the motion may also be relevant to the question of reasonable notice, but it would also establish the ter-

minal date of the sales which form the basis for this action. The court need not determine whether such information would be required to be pleaded because, from a fair and reasonable reading of the fourth paragraph of the complaint, it has been pleaded that plaintiff stopped smoking Chesterfields in December 1953. True, the latter portion of the fourth paragraph, literally construed, indicates that plaintiff was buying Chesterfields ten months later when the complaint was filed. It is clear, however, that any sales of Chesterfields to plaintiff after plaintiff stopped smoking them are not among the sales which form the basis for this action.

Likewise, with respect to the fifth paragraph of defendant's motion, plaintiff will not be required to plead whether the word "dyspepsia" in his complaint means "dyspnea." The possibility of a typographical error having been pointed out to plaintiff, upon plaintiff's failure to amend the pertinent portion of his complaint, it can only be presumed that plaintiff meant what he pleaded.

The second paragraph of the motion seeks to require plaintiff to plead the facts which would show how long after knowledge of breach of warranty notice thereof was given. The complaint avers that written notice was given prior to the filing of the complaint, but it is silent as to when plaintiff knew or should have known of the breach of warranty, and there is no averment that notice was given within a reasonable time thereafter.

Defendant does not ask that plaintiff be required merely to plead the conclusion that notice was given within a reasonable time after he knew or should have known of the alleged breach of warranty, and the court is unable to perceive any purpose in requiring such an averment. The fact that such an averment would be a conclusion would not necessarily be objectionable. As stated in 1 Barron & Holtzoff, Federal Practice and Procedure, supra, at § 367 p. 737, "the rules do not condemn con-

clusions of law but encourage them as at times the clearest and simplest way of stating a claim for relief," pointing out, at n. 30, that "the approved forms are replete with conclusions of law." Moreover, the relevant date is the date when plaintiff knew or *should have known* of the breach of warranty, and that date is itself a conclusion to be determined by many subsidiary facts. Defendant does not, of course, contend that plaintiff must plead all of the evidentiary facts which are needed in order to determine when plaintiff knew or should have known of the breach of warranty. Defendant does, however, seek to require plaintiff in effect to plead his theory of the case by indicating when he knew of the breach of warranty and when he notified defendant thereof.

 Defendant correctly contends that the requirement of notice within a reasonable time is a condition precedent to plaintiff's right of recovery, as to which plaintiff has the burden of proof. *See* Pa. Uniform Sales Act § 49, 69 P. S. § 259; Texas Motorcoaches, Inc., v. A. C. F. Motors Co., 3 Cir., 1946, 154 F.2d 91; Kull v. General Motors Truck Co., 1933, 311 Pa. 580, 166 A. 562; Wright v. General Carbonic Co., 1921, 271 Pa. 332, 114 A. 517; Hazelton v. First Nat. Stores, Inc., 1937, 88 N.H. 409, 190 A. 280. The foregoing decisions of the Pennsylvania Supreme Court also indicate that in the state courts, the buyer has the further burden of pleading with a fair degree of specificity that notice was given within a reasonable time.

The Kull case, supra, was relied upon by the Third Circuit in Texas Motorcoaches, supra, but only for the proposition that judgment will be entered against the buyer if it affirmatively appears from the pleadings that, as a matter of law, notice was not given within a reasonable time. Other cases upon which defendant relies also establish that a case may be disposed of on the pleadings if it affirmatively appears from the pleadings that plaintiff is not entitled to recover. See Goodwin v. Townsend, 3

Cir., 1952, 197 F.2d 970; Matheny v. Porter, 10 Cir., 1946, 158 F.2d 478; United States v. American Radiator & Standard Sanitary Corp., D.C.D.Minn. 1953, 115 F.Supp. 422; Berry v. Heller, D.C.E.D.Pa.1948, 79 F.Supp. 476. In the American Radiator case, supra, the court construed the complaint as affirmatively indicating that notice was not given within a reasonable time. The court also referred to state court decisions requiring particularity in pleading notice of breach of warranty under the Uniform Sales Act. However, in the opinion of this court, such particularity of pleading is not required in the federal practice. *See* Continental Collieries, Inc., v. Shober, 3 Cir., 1942, 130 F.2d 631, 634.

This is not the case of a complaint for breach of warranty which affirmatively shows that reasonable notice of the breach has or has not been given. What defendant seeks is to require plaintiff to plead facts with sufficient particularity that it may affirmatively appear that he has or has not given reasonable notice. There is something to be said for the argument that facts should be specifically pleaded so as to facilitate the disposition of cases on pleadings. The principal obstacle to the argument lies in the fact that the Federal Rules of Civil Procedure rejected the theory of fact pleading and adopted the theory of notice pleading.

 The court is of the opinion that an averment as to the reasonableness of the time within which notice was given is not necessary "to afford fair notice * * * of the nature and basis of the claim asserted and a general indication of the type of litigation involved." *See* Continental Collieries v. Shober, supra, 130 F.2d at page 635. The complaint without the averments desired by plaintiff is not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," Fed.R. Civ.P. 12(e), 28 U.S.C.A. and the court is, therefore, of the opinion that the information desired should be obtained by use of the discovery rules. Prescan v.

Aliquippa & So. R., D.C.W.D.Pa.1954, 16 F.R.D. 272, 273; Byers v. Olander, D.C. W.D.Pa.1948, 7 F.R.D. 745, 746.

Defendant's motion for more definite statement will be denied.

### 3. Motion to dismiss.

██ The first paragraph of defendant's motion to dismiss states that the complaint fails to state a claim upon which relief can be granted. In support of this contention, defendant seems to rely primarily upon the ground stated in the third paragraph of the motion. Defendant apparently does not dispute the general proposition that an action for personal injuries to an ultimate consumer lies against a manufacturer for negligence in the manufacturing of the product, Magee v. General Motors Corp., D. C.W.D.Pa.1954, 124 F.Supp. 606, affirmed per curiam 3 Cir., 1955, 220 F.2d 270; Foley v. Pittsburgh-Des Moines Co., 1949, 363 Pa. 1, 68 A.2d 517, 530–534, or for breach of warranty, Magee v. General Motors Corp., supra; Caskie v. Coca-Cola Bottling Co., 1953, 373 Pa. 614, 96 A.2d 901, 903.

The second paragraph of the motion to dismiss is grounded upon the failure of the complaint to show the diversity of citizenship of the parties necessary to this court's jurisdiction. Plaintiff has remedied this defect by amendment.

██ The third paragraph of the motion seeks a dismissal of the complaint on the ground that it does not contain averments of fact showing that plaintiff gave notice to defendant of the alleged breach of warranty within a reasonable time after he discovered or should have discovered such breach. This contention is nearly disposed of by what has been said concerning defendant's motion for more definite statement. It does not and need not affirmatively appear from the complaint when plaintiff knew or should have known of the breach of warranty, when he notified defendant thereof, or how long was the intervening period of time. The court cannot hold a period of time to be unreasonable as a matter of law when it does not know how long that period of time was, and the court cannot assume facts in defendant's favor on defendant's motion to dismiss.

Defendant's motion to dismiss will be denied.

### 4. and 5. Objections to request for admissions and to interrogatories.

Defendant has filed objections to plaintiff's interrogatories and to plaintiff's request for admissions, pending disposition of the several motions filed by it. These motions have been decided, and defendant shall file his objections, if any, within ten days, or file answers within fifteen days.

### 6. Motion for protective order.

Plaintiff has filed a motion for a protective order, praying that defendant be denied opportunity to take plaintiff's oral deposition until defendant's motions, discussed above, have been determined, and until plaintiff's health permits such examination. Defendant's motions have been decided, and the court is not informed as to the present state of plaintiff's health. Therefore, plaintiff's motion will be denied without prejudice to his right to file an additional motion for a protective order if it should appear that plaintiff's health precludes the taking of his deposition upon oral examination. In the absence of such an additional motion, defendant will be permitted to take plaintiff's deposition upon oral examination upon ten days' notice.