MAGEE
v.
GENERAL MOTORS CORP.
Civ. A. No. 9854.

United States District Court
W. D. Pennsylvania.

Dec. 15, 1953.

**102**

Marvin D. Power, Pittsburgh, Pa., for plaintiff.

George Y. Meyer, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This proceeding arises out of an automobile accident which allegedly was the result of a defective steering apparatus. A jury trial was held, over which my late associate, The Honorable Owen M. Burns, presided, which resulted in a verdict in favor of plaintiff in the amount of $50,000.

On the basis of Rule 63 of the Federal Rules of Civil Procedure, 28 U.S.C.A., I am satisfied that the record speaks with sufficient clarity and completeness for me to dispose of the matters which remain for adjudication, and that no need exists to hear the case de novo.

The instant motion is for a new trial and/or judgment notwithstanding the verdict.

As a general rule a manufacturer is under a duty to make an article carefully where its nature is such that it is reasonably certain to place life and limb in peril when negligently made, and he is liable to a third person for an injury resulting from a failure to perform this duty.

The duty of the maker or vendor of an article harmless in kind, but dangerous through defect, has been said to be in general a negative duty, that is, not knowingly so to dispose of the article that it may become a trap to the innocent; and it has also been said that the manufacturer of such an article is under no general or public duty to exercise care in its manufacture for the safety of persons with whom he has no privity of contract. As a general rule, however, the manufacturer is under a duty to make the article carefully where its nature is such that it is reasonably certain to place life and limb in peril when negligently made, if put to the use for which it is designed and intended or to a use which can reasonably be anticipated, and there is knowledge that the article will be used, without new tests, by persons other than the purchaser; and he is liable for an injury to a third person resulting from a failure to perform this duty, if such injuries could reasonably be anticipated, although there is no contract or privity between the parties. The fact that the article is not inherently dangerous if properly made is immaterial. Walker v. General Motors Corp., D.C.La., 115 F. Supp. 267; Pierce v. Ford Motor Co., 4 Cir., 190 F.2d 910; MacPherson v. Buick

Motor Co., 217 N.Y. 382, 111 N.E. 1050; Foley, Ex'x, v. Pittsburgh-Des Moines Co., 363 Pa. 1, 68 A.2d 517; 65 C.J.S., Negligence, § 100, page 629.

In motion for judgment notwithstanding the verdict the problem resolves itself into whether under all the evidence the reasonable inferences drawn therefrom, considered in the light most favorable to the plaintiff, does a right to recover exist? Marsh v. Illinois Cent. R. Co., 5 Cir., 175 F.2d 498.

■ Upon invoking this rule of law and upon making a most thorough and meticulous review of the record, it is apparent to me that reasonable minds might differ as to the actual cause of the accident, so that a jury question was poignantly raised.

■ The jury having found the issues in favor of the plaintiff, the court must take that view of the evidence most favorable to him and the court must assume that the jury found in his favor all facts which the evidence reasonably tended to prove. Meyonberg v. Pennsylvania R. Co., 3 Cir., 165 F.2d 50; Williams v. Reading Co., 3 Cir., 175 F.2d 32.

■ Courts are not free to reweigh the evidence and set aside the jury verdict because the jury could have drawn different inferences or conclusions, or because judges feel that other results are more reasonable. Masterson v. Pennsylvania R. Co., 3 Cir., 182 F.2d 793.

It is my judgment that as a matter of law, under all the evidence, a basis exists for which the law affords relief to the plaintiff.

Defendant raises a crucial issue in its contention that the verdict of the jury is excessive.

■ The verdict of the jury should be set aside as excessive only if so grossly excessive as to shock the conscience of the court, or if it clearly manifests that the verdict was a result of mistake, caprice, prejudice, or other improper motive, and not merely because the judge, had he tried the case without a jury, would have awarded less damages.

Foresman v. Pepin, D.C.Pa., 71 F.Supp. 772, affirmed 3 Cir., 161 F.2d 872.

■■ In Armit v. Loveland, 3 Cir., 115 F.2d 308, 314, Judge Jones, now Mr. Justice Jones of the Pennsylvania Supreme Court, said: "Courts in general are reluctant to disturb a jury's verdict on the ground of excessiveness where the damages are unliquidated and there is no fixed measure of mathematical certainty." See also Jones v. Atlantic Refining Co., D.C.Pa., 55 F.Supp. 17. But it is also said if excessive verdicts were permitted to stand, the right of trial by jury would be seriously jeopardized, and the power of a trial judge, or as here, one occupying his position, to reduce the verdicts or set them aside is not in derogation of the right of trial by jury, but is one of the historic safeguards of that right. Cf. Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350, 352; Smith v. Times Pub. Co., 178 Pa. 481, 36 A. 296, 35 L.R.A. 819.

■ In view of the failure of plaintiff to allege or prove impairment of earning power, damages are limited to expenses, pain, suffering, inconvenience, past, present and future, and property damage which were the proximate result of the accident.

Plaintiff, a practicing physician, was seventy years of age at the time of accident. Reference to the United States Life Tables and Actuarial Tables 1939–41, prepared by the Chief, National Office of Vital Statistics, Federal Security Agency, United States Public Health Service (similar publication by the Federal Security Agency based upon the 1950 census has not as yet been compiled) establishes plaintiff's potential life expectancy at 9.42 years.

■ Indeed, a jury could have reasonably concluded, in view of plaintiff's excellent condition of health prior to the accident as well as the nature of plaintiff's profession, that his potential life expectancy was considerably more than indicated in these tables.

Nevertheless, I find the following elements of damage evidenced in the record:

That plaintiff was a practicing physician in excellent health prior to the accident. That as a result of the accident he was confined at the Oil City Hospital for seventeen days, and continued to remain under the care of a physician and his wife, a nurse, for approximately six months. That by reason of the shock caused him by the accident, plaintiff has suffered the effects of a heart condition. He has had his spine blocked on a number of occasions, and has been required to wear a brace. That he suffered phlebitis and a serious aggravation of cervical arthritis. That the X-ray plates revealed fractures of the ankle and a toe drop. That a condition of dermatitis was attributable to the accident. That the injury to the bony formations of the neck were permanently disabling, and that pain persists practically all of the time. That he experienced extreme swelling, discoloration and interference with circulation of the limb, a thrombosis, which threatened amputation, and that the condition experienced was of a permanent nature.

As a matter of professional courtesy a number of physicians treated the plaintiff without charge. Thus, the only medical bill presented was in the amount of $75.

No proof of loss of earnings was presented, nor was any proof offered as to impairment of earning capacity.

By stipulation of counsel it was agreed between the parties that damage to plaintiff's car was in the amount of $985.

 Considering the degree of excruciating pain that plaintiff was compelled to endure, as well as the extent of pain which he continues to suffer and will experience throughout the course of his life, and the apparent injurious effect to plaintiff's heart which may considerably reduce plaintiff's normal life span, it is my judgment that a fair, ample and just award for pain, suffering, and inconvenience, past, present and future, would be $30,000.

In addition thereto, plaintiff should be entitled to recover $75 for out-of-pocket medical expenditures and $985 for damage to his car.

Where the court considers the verdict returned in favor of the plaintiff as excessive, the proper procedure is not to grant a new trial absolutely but only conditionally, with an order of remitter. Culver v. Lehigh Valley Transit Co., 322 Pa. 503, 186 A. 70.

I am satisfied that an award of $31,060 would be commensurate with the degree of injury, pain and suffering evidenced in the record.

It will be directed that plaintiff remit all in excess of $31,060 within ten days upon condition that a new trial be granted if he fails to do so.

An appropriate order is filed.