**MAGEE**

v.

**GENERAL MOTORS CORP.**

No. 11266.

United States Court of Appeals,
Third Circuit.

Argued June 8, 1954.

Filed June 21, 1954.

George Y. Meyer, Pittsburgh, Pa., for appellant.

Marvin D. Power, Pittsburgh, Pa., (Margiotti & Casey, Pittsburgh, on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the defendant from the refusal of its motion for a new trial. The action had been brought against it by the owner of a Buick automobile which it had manufactured for injuries alleged to have resulted from a defect in the steering mechanism of the car. The jury brought in a verdict for the plaintiff in the sum of $50,000.00, whereupon the trial judge, the late Judge Burns, stated to them: "Members of the jury, I am astounded. It is my opinion that that is clearly against the weight of the evidence in this case." Motions for judgment notwithstanding the verdict and for a new trial were made by the defendant but Judge Burns died before they could be heard by him. Subsequently they were assigned for consideration to another judge of the district court who refused the motion for judgment notwithstanding the verdict and also refused the motion for a new trial on condition that the plaintiff remit so much of the verdict as was in excess of $31,060.00. 117 F.Supp. 101. Such a remittitur was filed.

The defendant contends on this appeal that the verdict was against the overwhelming weight of the evidence and that the district court erred in refusing to grant a new trial on that ground. While it is true that a court of appeals will not reverse a judgment and direct a new trial solely on that ground, Miller v. United States, 3 Cir., 1943, 137 F.2d 592, the power and duty of the judge of the district court to do so in a proper case is settled and clear. Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 1941, 122 F.2d 350; Cheffey v. Pennsylvania R. Co., D.S.M.D.Pa.1948, 79 F. Supp. 252; 3 Barron & Holtzoff, Federal Practice and Procedure, 225. It is for him to see that right and justice are done in the case before him, setting aside the verdict and granting a new trial if in the exercise of a sound discretion he thinks such action necessary to prevent an unjust result. And if he should fail to exercise his discretion in this regard he may, on appeal, be directed to do so. That is the situation here.

The motion for a new trial was based, inter alia, upon the ground that the verdict was contrary to the weight of the credible evidence. The district judge in his opinion disposing of the motion did not discuss the weight of the evidence, however. He denied the motion for a new trial upon the ground that he was not free to reweigh the evidence or set aside the verdict because the jury might have drawn different inferences or conclusions or the court might have thought another result more reasonable, but must take the view of the evidence most favorable to the plaintiff. While this was the proper standard to apply to the disposition of the motion for judgment notwithstanding the verdict, its application to the new trial motion amounted to an abdication of the judge's functions with respect to that motion. The case must, therefore, go back to the district court for reconsideration of the motion for a new trial in the light of the court's view of the weight of the evidence and all other relevant factors. Among these would obviously be the views of the trial judge expressed at the time the verdict was rendered. See Civil Procedure Rule 63, 28 U.S.C.A.

The judgment of the district court and its order refusing a new trial are vacated and the cause is remanded with directions to reconsider the motion for a new trial in a manner not inconsistent with this opinion.