**George C. MAGEE, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

Civ. No. 9854.

United States District Court
W. D. Pennsylvania.

Oct. 7, 1954.

Marvin D. Power, Pittsburgh, Pa., for plaintiff.

George Y. Meyer, Pittsburgh, Pa., for defendant.

WALLACE S. GOURLEY, Chief Judge.

This matter is before the trial court on remand by the United States Court of Appeals for the Third Circuit to reconsider a denial of defendant's motion for new trial. Magee v. General Motors Corp., 3 Cir., 213 F.2d 899, see also D.C., 117 F.Supp. 101.

The sole point presented to the court on reargument was limited by the defendant to the contention that under the weight of all the credible evidence, the plaintiff has not established a right to recover against the defendant either upon the theory of breach of implied warranty of fitness for purpose and merchantability, or upon the basis of common law negligence.

In the original denial of the motion for a new trial, I considered the complete record and exhibits with meticulous care and thorough-going caution in view of the fact that I had not personally conducted the original trial.

I was fully aware that my late associate, Judge Burns, made comment to the

jury at the time verdict was returned that he was "astounded" and I further considered the comments in which he stated, "It is my opinion that the verdict is clearly against the weight of the evidence in this case."

With these comments in mind, I evaluated with greatest caution the testimony presented at the time of trial, and it was on this basis that I concluded that the weight of all the credible evidence required that the verdict should be reduced from $50,000 to $31,060.

But in evaluating the context of Judge Burns' charge to the jury and in noting his remarks during the course of trial, and his categorical refusal to reserve ruling on any points submitted on the liability aspect, I cannot but help conclude that the comment in question related to the subject of damages.

The record evinces a clash between expert witnesses, each espousing his own theory as to the cause of the accident. Defendant advances the proposition that plaintiff's expert testimony was not credible. I have carefully scrutinized this testimony, and I am satisfied that it is consistent, coherent and logically sound, and indeed, creates such inferences from which the jury could have reasonably concluded the negligent conduct of defendant.

To summarily expunge this testimony, and substitute the personal opinion of the court or defendant's expert witness, would do violence to the processes and purport of the jury trial.

A recapitulation of all the credible evidence establishes the right of plaintiff to recover either upon the theory of breach of implied warranty of fitness for purpose and merchantability, or upon the basis of common law negligence.

After again applying most reflected judgment to the record and giving consideration to the remarks of Judge Burns in their proper perspective, I believe that under all the credible evidence justice sustains plaintiff's right to recover in the amount of $31,060.00.

An appropriate Order is entered.