Beulah L. NEVILLE, amended to Beulah L. Neville Garlinger, Plaintiff,

v.

AMERICAN BARGE LINE COMPANY, Defendant.

Civ. A. No. 15684.

United States District Court
W. D. Pennsylvania.

July 23, 1959.

As Amended July 28, 1959.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Clyde A. Armstrong, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

In this case the plaintiff brought an action seeking maintenance and cure and consequential damages for defendant's failure to pay maintenance and cure. The plaintiff was a laundress on the M. V. Trade Winds when on June 9, 1950, in attempting to open a can of milk she severely cut two of her fingers which were subsequently amputated. She previously brought an action seeking damages from the defendant for this injury. However, in a non-jury trial the Court found in favor of the defendant on the issue of liability, but found that up to the date of the conclusion of the trial, December 4, 1951, she had not reached the point where care and further treatment would not benefit her. Since that date the defendant failed to pay her any maintenance and cure. She did undergo subsequent hospitalization.

The defendant's contention was that the plaintiff had reached the maximum degree of cure on December 5, 1951, and in the alternative had argued that she

had reached her maximum degree of cure on October 24, 1952. The plaintiff, however, offered medical testimony that her maximum degree of cure had not been reached, and had not been reached as of the date of trial. The Court in charging the jury pointed out that the plaintiff maintained that she had not been cured after December 4, 1951, but that the defendant on the other hand maintained that she had been cured. This presented the primary issue for the jury to decide, to wit: Had the plaintiff reached the maximum improvement from the injury that she received while employed on the motor vessel of the defendant on June 9, 1950, and if so on what date did she reach her maximum improvement? The Court instructed the jury that the obligation of the defendant ends when the medical evidence or opinion is to the effect that the maximum cure possible has been effected. The jury was instructed to consider the plaintiff's physical condition on December 5, 1951, and to determine whether she at that time had reached, according to medical evidence or opinion, the maximum cure possible. If she had, they were instructed to find in favor of the defendant; if she had not reached the maximum cure possible, they were to consider for how many days she was entitled to maintenance and cure. The parties had stipulated that if she were entitled to maintenance and cure it ought to be at the rate of $6 per day. The jury found that she had not reached her maximum degree of cure as of the date of the trial and, therefore, awarded her maintenance and cure for 2,556 days or $15,336.

Defendant takes the position that inasmuch as the plaintiff was a married woman it was under no obligation to furnish her maintenance and cure, for it was her husband's duty to maintain her. While it takes this position and has filed a very extensive brief, it has not pointed to any case ruling directly on this question. The case it relies upon is where a seaman lived at the home of his parents and incurred no expenses or liability for his care and support, and in that instance the Court held that the seaman was not entitled to maintenance. Johnson v. United States, 9 Cir., 160 F.2d 789.

It has also been held that where a seaman lived at home with his family during the period of his disability and the family furnished him with maintenance and cure, he was not entitled to maintenance and cure during that period. O'Neill v. United States, D.C., 157 F. Supp. 193.

However, in this case the plaintiff testified that her husband did not provide her with maintenance or money for food and medicine, but she had to look after herself. And it further appears that at the time of her first trial before the late Judge Stewart he found that she was entitled to maintenance and cure, and at that time she was married. This might very well have been the law of that case. Inasmuch as this was basically a suit on the same cause of action, maintenance and cure, which the Court had previously found her entitled to, defendant's failure to assert the defense of a marriage in the prior action which resulted in a judgment against it, and which status it knew about, might preclude it from relying on that defense now. Restatement, Judgment, Section 68, Comment (d).

We may have gone too far in favor of the defendant in submitting this question to the jury. Notwithstanding the question nevertheless, and we think properly in the setting of this case, was submitted to the jury; but not exactly as defendant had requested. Its requested instruction was as follows:

"Under the evidence plaintiff may not recover for maintenance and cure during the period she resided in Point Pleasant, West Virginia, with her husband, who provided her with maintenance."

This was refused as stated.

The Court, however, discussed this problem at length with counsel. Counsel for the defendant argued that there was no proof of expense and that her husband was keeping her. The Court asked de-

fense counsel if that was his argument, and he answered,

"That is the argument." Record, p. 905.

We went into the question as to whether it was the law of the case. Plaintiff's counsel pointed out that Judge Stewart had decided the law of the case. At that time she was living at home with her husband and that notwithstanding the fact that her husband may have supported her, plaintiff's attorney pointed out and defense counsel agreed that there was no issue on this question in the first case. The defendant did not raise that defense in that trial. The colloquy continued as to what the evidence showed in regard to that and at page 909 the Court stated:

"How about me putting 'reasonable' before the word 'expenses'? Plaintiff may not recover for maintenance and cure without proof of reasonable expenses, then you can argue whether they were or were not obligations created for such maintenance."

Defense counsel replied:

"All right."

And plaintiff's attorney agreed:

"Okay."

And the Court said,

"Everybody agrees."

And at that time the action was recessed until the afternoon. There was no more mention of that question until the charge was made and in the charge, page 939, the Court told the jury:

"Now plaintiff may not recover for maintenance and cure without proof of reasonable expenses incurred or obligations created for such maintenance,"

which is exactly the statement which was agreed on to take care of the problem by attorneys for both parties with the Court.

Of course, the question of whether she was being maintained by her husband or whether she had to rely on herself might be a question of fact for the jury and their verdict in her favor was justified by the evidence.

The Court, of course, had to refuse defendant's fifth point for charge because as stated it would be improper for there was some evidence that the husband did not supply her with the maintenance and cure she needed. The Court made its charge and the defendant took no specific exception to the charge in this regard. Actually in the setting of this case this point was a rather minor one and really was not too seriously pressed by the defendant. This case was vigorously contested and the real contest was not on this point of support by the husband, but whether the medical evidence had shown that she had reached the maximum cure. The only significant fact that had changed from the time that Judge Stewart heard this case non-jury to the time of this trial was that sometime following the first trial her husband had died.

We need not go into the duty of maintenance and cure here. Its existence heretofore has been clearly defined. It is an important right of seamen that ought not to be too easily lost. Nor should the shipowner be able to avoid its responsibilities. Here the jury found that the husband did not support his wife. We are inclined to agree with the New York Court of Appeals when they said,

"It would, we think, badly serve the interests of these 'wards of the courts' to hold that an owner may escape his burden by standing aside while parents or relatives succor the ailing seamen." Brinkman v. Oil Transfer Corporation, 300 N.Y. 48, 88 N.E.2d 817, 819, 13 A.L.R.2d 623.

In her second cause of action plaintiff seeks damages for what we term defendant's breach of its duty to pay her maintenance and cure. In order for plaintiff to recover in this action, she had to prove the following:

(1) That the defendant failed in its obligation to give the plaintiff maintenance and cure;

(2) That the need for prompt payment was known or should have been known to the defendant;

(3) That as a consequence of her not having the money to which she was entitled that the injury was prolonged;

(4) That the damages claimed proximately resulted as a prolongation of the injury.

█ The jury was instructed that if the plaintiff has proved these four factors then they could award her additional damages for consequential harm suffered. The Court pointed out to the jury that if she would have been able to obtain this maintenance and cure out of her own funds or even from borrowed funds she would only be entitled to recover the sum of money for such funds as she expended. Financial inability to secure medical treatment can be as great a medical barrier as physical inability, and it was for the jury to determine whether during the period in question she suffered financial inability to seek medical treatment. If she did suffer such an inability and she could not obtain the cure needed, then as a result the defendant would be liable for any consequential damage that she might have suffered. The jury found in her favor.

█ Very briefly, the jury found that the plaintiff was entitled to receive maintenance and cure and that the defendant failed in its obligation to pay her the money to which she was entitled. That the defendant knew of this need was obvious due to the fact that she had had a lawsuit in this court and notice to them did not necessarily rest on whether she called them or not. However, there was testimony of other notice by the plaintiff to the defendant. As a result of her not having the money, her illness was prolonged. This was what the jury found, and this verdict is supported by the evidence. The filing of a lawsuit is sufficient notice of a seaman's claim for maintenance and cure. Brown v. Dravo Corporation, 3 Cir., 1958, 258 F.2d 704.

█ The failure to pay maintenance and cure when it is needed is an actionable tort recognized by the Court of Appeals for this Circuit. Sims v. United States, 3 Cir., 1951, 186 F.2d 972. That was the basis of this lawsuit. This Court followed the law as our Court of Appeals has clearly set it forth in the Sims case. The jury was properly instructed. The defendant had a fair trial, but the verdict was not to its liking. The fact that it was disappointed in the verdict or that another jury might have decided the case differently, or a judge might have decided the case differently had he heard it without a jury is no basis for the granting of a new trial.

Both the plaintiff and the defendant had their day in court. This Court will not now disturb the jury's verdict.

In respect to defendant's motion for judgment notwithstanding the verdict, there is certainly evidence to support the verdict of the jury; that is, taking the evidence in a light most favorable to the plaintiff the verdict cannot be set aside.

█ In regard to defendant's motion for a new trial, as we pointed out the defendant had a fair trial. This was a trial in which its counsel skillfully and ably represented it, making its position clear to the jury. Issues were presented to the jury and which were decided adverse to the defendant, but their decision and verdict was one that could be reasonably reached by them. Therefore, the motion for a new trial must be denied.

We are not unmindful that different standards must be applied in considering motions for judgment notwithstanding the verdict and motions for a new trial following the verdict. This distinction was carefully and clearly pointed out by our Court of Appeals in the case of Magee v. General Motors Corp., 3 Cir., 1954, 213 F.2d 899. See also Williams v. Nichols, 4 Cir., 1959, 266 F.2d 389.