**Pete J. THOMPSON**

v.

**Ralph REEDMAN, trading as Reedman Motors**

**and**

**General Motors Corporation, Chevrolet Motor Division.**

**Civ. A. No. 29776.**

United States District Court
E. D. Pennsylvania.

Oct. 23, 1961.

Arlen Specter, Philadelphia, Pa., for plaintiff.

Elston C. Cole and Charles L. Ford, Philadelphia, Pa., for Reedman.

John J. McDevitt, 3rd, Philadelphia, Pa., for General Motors.

JOHN W. LORD, Jr., District Judge.

The jurisdiction of this Court derives from diversity of citizenship of the parties and jurisdictional amount. Plaintiff, Pete J. Thompson, was injured in an automobile accident which occurred in Bucks County, Pennsylvania, on September 13, 1958. When the accident occurred, plaintiff Thompson was riding as a passenger in the automobile of one William Gray.

In his complaint, T? alleges that the automobile i: was riding at the time of the was purchased by William Gray in . rom defendant, Ralph Reedman, trading as Reedman Motors. The accident is alleged to have been caused by the sticking of the gas or accelerator pedal—causing William Gray to lose control of his automobile which then collided with the automobile operated by Anne Critelli (who is not a party to this suit).

There is on file, dated September 2, 1961, the admission of defendant Ralph Reedman, trading as Reedman Motors (hereinafter referred to as "Reedman"):

"* * * that he sold a new 1958 Chevrolet automobile to one, William Gray, in Levittown, Pennsylvania, on February 24, 1958."

In any case, the motions of defendants are taken to admit, for the purpose of the motions, that the car in question was a Chevrolet, purchased by William Gray from Reedman, and that the accident was caused by the sticking of the gas or accelerator pedal as heretofore recited. These motions are taken to be made under the authority of Rule 12(b) (6) "Failure * * * to state a claim upon which relief can be granted." Fed.R. Civ.P., 28 U.S.C.

In numerous paragraphs of the complaint, the plaintiff alleges that one or both of defendants, in selling the Chevrolet with a defective gas pedal or ac-

celerator pedal, breached express warranties and implied warranties of merchantability and fitness for the intended purpose, *i. e.* Pars. 9, 10, 11, 13 and 14.

The argument of defendants, in a nutshell, is *no privity*. As Reedman states it:

"It is the general rule in Pennsylvania that in order to recover damages for personal injuries arising out of breach of warranty there must be some privity between the injured person and the defendant manufacturer or seller. Loch v. Confair, 361 Pa. 158 [63 A.2d 24] (1949)."

It is to be understood that the present complaint does not purport to state a negligence action. The only question at hand is sometimes stated as follows:

"Is privity of contract an essential to recovery in an action based on a theory other than negligence, against the manufacturer or seller of a product alleged to have caused injury?" E. g. 75 A.L.R.2d 39 (1961).

Plaintiff argues that "The Uniform Commercial Code and Comments thereto specify that plaintiff may recover from Reedman and General Motors for breach of warranty."

The Uniform Commercial Code, enacted in Pennsylvania in 1953, in 12A P.S. § 2–318 covering third-party beneficiaries of warranties, provides:

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section. (1953, April 6, P.L. 3, § 2–318.)"

■ Plaintiff argues that, since ."a guest in his home" is covered, then a guest in an automobile should similarly be covered. The Uniform Commercial Code Comment, however, says:

"This section expressly includes as beneficiaries within its provisions the family, household, and guests of the purchaser. Beyond this, the section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain."

To this Court, it seems more consistent with the plain meaning of words to understand the comment as leaving this present situation at large. It is too much of a leap, it seems, to classify a guest passenger in an automobile as a guest in the *home*. In that light, the question remains one of gleaning the rule from "the developing case law."

■ The question was presented to the United States Court of Appeals for the Third Circuit in 1946 in Mannsz v. Macwhyte Co., 155 F.2d 445 (3rd Cir.1946), Maris, Goodrich and Biggs, Circuit Judges; opinion by Biggs, J. In that diversity action, plaintiffs' injuries were claimed as having resulted from failure of wire rope sold by Bradford and manufactured by defendant Macwhyte. The complaints alleged breach of warranty and negligence by Macwhyte in connection with manufacture and inspection of the rope, and in misrepresentations of its fitness for the purpose (suspending scaffolds). At page 449, the Court said:

" * * * We think it is clear that whether the approach to the problem be by way of warranty or under the doctrine of negligence, the requirement of privity between the injured party and the manufacturer of the article which has injured him has been obliterated from the Pennsylvania law. * * *"

The opinion continues with a discussion of the manner in which the requirement of privity was eliminated, case by case, collecting over a dozen authorities at page 450. Mannsz v. Macwhyte Co., 155 F.2d 445, 450 (3rd Cir.1946).

A later Pennsylvania warranty case rather pointedly cites and follows the Mannsz case, *inter alia.* Jarnot v. Ford Motor Co., 191 Pa.Super. 422, 430, 156 A.2d 568 (1959). Plaintiff therein had purchased a new Ford tractor from his local dealer. Shortly thereafter he sustained substantial damage when it was wrecked due to a manufacturing defect in the steering mechanism. Relying in part upon the Sales Act of 1915 which was then in effect, the action was brought against the dealer and the manufacturer on the implied warranties. 69 P.S. §§ 124 & 314. Decision for plaintiff relied in part, but not exclusively, on the Sales Act. More to the point here, however, is the fact that in upholding a jury verdict against the manufacturer alone, the Pennsylvania Superior Court made the following statements and references:

"* * * A person, who after the purchase of a thing, has been damaged because of its unfitness for the intended purpose may bring an action in assumpsit against the manufacturer based on a breach of implied warranty of fitness; and proof of a contractual relationship or privity between the manufacturer and the purchaser is not necessary to impose liability for the damage. Cf. Loch v. Confair, 361 Pa. 158, 63 A.2d 24; Silverman v. Samuel Mallinger Co., 375 Pa. 422, 100 A.2d 715. There is some analogy in the principle referred to by Mr. Justice Paxson in Conestoga Cigar Co. v. Finke, 144 Pa. 159, 172, 22 A.2d 868, [13 L.R.A. 438] long before The Sales Act, supra [of May 19, 1915, P.L. 543, §§ 15 & 69, 69 P.S. §§ 124, 314]. In Mannsz v. Macwhyte Co., 155 F.2d 445, it was held that under Pennsylvania Law privity between the injured party and the manufacturer is not required, to impose liability on the manufacturer either on grounds of negligence or on grounds of breach of warranty. That case was cited in Silverman v. Samuel Mallinger Co., [375 Pa. 422, 100 A. 2d 715 (1953)], supra, in support of

the above principle. * * *" [156 A.2d 572]

In his discussion of "Products Liability —Privity" in 75 A.L.R.2d 39, 53–54, n. 18, the annotation writer ventures that "this reference to the Silverman Case is perplexing" and takes the position that the reference to Mannsz in Silverman in truth exemplifies an exception to the general requirement of privity.

Be that as it may, however, there are later cases, apart from that already mentioned, which seem to reinforce plaintiff's position. An example is one which came before the courts four times under the caption of Magee v. General Motors Corp., 117 F.Supp. 101 (W.D.Pa.1953); 213 F.2d 899 (3rd Cir.1954); 124 F. Supp. 606 (W.D.Pa.1954); aff'd per cur. 220 F.2d 270 (3rd Cir.1955).

In that case, plaintiff had received severe injuries in an automobile accident which resulted, according to the jury verdict, from a defect in the steering mechanism of the automobile manufactured by defendant. The only further indication of the plaintiff's relation to the defendant is a reference to him as "owner of a Buick automobile which [defendant] had manufactured." Magee v. General Motors Corp., Maris, J., 213 F.2d 899, 900 (3rd Cir.1954).

The several opinions were the result of the lower court's uncertainty as to the scope of its review on motion for new trial, since the case had been tried by another judge whose death had intervened between judgment on the verdict and argument on the motion. In the course of its discussions, however, the United States District Court for the Western District of Pennsylvania recognized the liability to a third person in the first opinion, and emphasized the interchangeability of the remedies in the second opinion in the following language:

"* * * a manufacturer is under a duty to make the article carefully where its nature is such that it is reasonably certain to place life and limb in peril when negligently made * * * and he is liable for

an *injury to a third person* resulting from a failure to perform this duty, if such injuries could reasonably be anticipated, *although there is no contract or privity* between the parties. * * *" Magee v. General Motors Corp., 117 F.Supp. 101, 102 (W.D.Pa.1953). (Emphasis supplied.)

"A recapitulation of all the credible evidence establishes the right of plaintiff to recover either upon the theory of breach of implied warranty of fitness for purpose and merchantability, or upon the basis of common law negligence.

\* \* \* \* \* \*

"An appropriate Order is entered." Magee v. General Motors Corp., 124 F.Supp. 606, 607 (W.D. Pa.1954).

A year later, another products liability case was argued before the United States District Court for the Western District of Pennsylvania, in an action against a cigarette manufacturer for damages allegedly resulting from smoking cigarettes. Pritchard v. Liggett & Myers Tobacco Company, 134 F.Supp. 829, 833 (W. D.Pa.1955). It was there said:

"Defendant apparently does not dispute the general proposition that an action for personal injuries to an ultimate consumer lies against a manufacturer for negligence in the manufacturing of the product, Magee v. General Motors Corp., D.C.W. D.Pa.1954, 124 F.Supp. 606, affirmed per curiam 3 Cir., 1955, 220 F.2d 270; Foley v. Pittsburgh-Des Moines Co., 1949, 363 Pa. 1, 68 A.2d 517, 530–34, *or for breach of warranty*, Magee v. General Motors Corp., supra; Caskie v. Coca-Cola Bottling Co., 1953, 373 Pa. 614, 96 A.2d 901, 903." (Emphasis supplied.)

Candor requires the concession that the cases mentioned above are not overwhelmingly compelling on the right of *this* guest plaintiff to bring his action— since those cases have involved plaintiffs

no more remote than buyers of the manufacturers' products whose actual purchase was made through a dealer. Their language, however, has been broad enough to cover the present situation. In any event, none of the cases heretofore discussed has derogated from the authority of Mannsz v. Macwhyte Co., 155 F.2d 445 (3rd Cir.1946). That was the case, one will recall, which stated unequivocally that the requirement of privity in warranty cases had been obliterated from Pennsylvania law.

It has been argued, however, that the Pennsylvania Supreme Court held otherwise in the case of Loch v. Confair, 361 Pa. 158, 63 A.2d 24 (1949).

In Loch v. Confair, 361 Pa. 158, 63 A. 2d 24 (1949), plaintiffs had been shopping in a self-service super market. They selected two bottles of ginger ale, one of which blew up—injuring the wife-plaintiff—as it was being placed in their merchandise cart. The case was decided on preliminary objections that plaintiffs had failed to allege any contract from which might arise an implied warranty under the applicable Sales Act of 1915, P.L. 543, § 15, 69 P.S. § 124. *Held:* the suit was properly dismissed below; there had been no sale, or contract of sale. Thus the only cause of action would be in trespass.

The case is well known for its discussion of matters of pleading and procedure. One of the essential problems was whether the pleadings showed that title to the ginger ale had passed (under the Sales Act). The outcome was the conclusion that the pleadings failed to show that the selection of the merchandise was irrevocable and binding, and thus it was held that no sale had been shown. It was *held,* accordingly, that the warranty theory was inapplicable. Loch v. Confair, 361 Pa. 158, 63 A.2d 24 (1949).

Defendants Confair, in that case, traded as Confair's Beverage Company. They had bottled the ginger ale in question for the Atlantic and Pacific Super Market in Wilkes Barre, Pennsylvania, where the explosion took place. One may infer from the result—no warranty since title had

not passed—that if the pleadings had demonstrated that the ginger ale *had been purchased,* the result would have been different.

To translate that case into the factual situation of the motor vehicle cases discussed herein, it was as though the Ford tractor, or the Buick automobile, had never been titled and was still on the dealer's display floor. See Jarnot v. Ford Motor Co., 191 Pa.Superior Ct. 422, 156 A.2d 568 (1959); Magee v. General Motors Corp., 213 F.2d 899 (3rd Cir.1954), etc. In sum, it is the view of this Court that the law of Pennsylvania as stated in Mannsz v. Macwhyte Co., 155 F.2d 445 (3rd Cir.1946) is not changed by Loch v. Confair, 361 Pa. 158, 63 A.2d 24 (1949). Contra, 75 A.L.R.2d 53, n. 18 (1961).

In the light of the foregoing discussion, and for the foregoing reasons, it is the ruling of this Court that the Motions to dismiss the Plaintiff's complaint filed by Ralph Reedman, trading as Reedman Motors and General Motors Corporation, Chevrolet Motor Division, be and the same are hereby denied, and it is so ordered.