## Marcus v. Spada Bros. Auto Service

*Norman H. Abrahamson,* for plaintiff.
*Richard J. van Roden,* for defendant.

SPAETH, J., January 27, 1967.—Defendant has demurred to the complaint, which is in assumpsit. The demurrer admits these facts:

On August 9, 1964, Sheila Helene Marcus, minor plaintiff, was injured while a passenger in an automobile driven by Robert Schwartzman, who is the son of Benjamin Schwartzman. The accident was caused by a blowout in the automobile's right front tire, which Benjamin Schwartzman had bought from defendant. The complaint says that in selling the tire defendant breached express and implied warranties "that the said tire was merchantable and fit for the purposes for which it was intended".

These averments do not state a cause of action in assumpsit.

In Miller v. Preitz, 422 Pa. 383, 392 (1966), it was said, quoting Hochgertel v. Canada Dry Corporation, 409 Pa. 610 (1963), that ". . . the inescapable conclusion from Loch v. Confair, 361 Pa. 158, 63 A. 2d 24 (1949), is that no warranty will be implied in favor of one who is not in the category of a purchaser . . . [except in cases covered by §2-318 of the Code]". Section 2-318 of the Uniform Commercial Code of April

6, 1953, P. L. 3, sec. 2-318, as amended, 12A PS §2-318, provides:

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty".

Since Sheila was not a purchaser of the tire, nor in the family or household, or a guest in the home, of Benjamin Schwartzman, who was the purchaser, neither she nor her parents may recover for breach of warranty.

Plaintiff suggests that "guest in his home" be extended to include "guest in his automobile", but this would be a strained construction and will not be adopted.

The demurrer will, therefore, be sustained.

Anticipating this result, plaintiffs ask leave to amend the complaint from a complaint in assumpsit for breach of warranty to a complaint in trespass alleging strict liability under §402A of Restatement, Torts, which provides:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

"(a) the seller has exercised all possible care in the preparation and sale of his product, and

"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller".

This section was adopted in Webb v. Zern, 422 Pa. 424 (1966).

The requested amendment of the complaint will be allowed.

Rule 1033 of the Pennsylvania Rules of Civil Procedure provides:

"A party . . . by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading".

This rule has been liberally interpreted: Goodrich-Am. §1033-1. In Gedekoh v. Peoples Natural Gas Company, 183 Pa. Superior Ct. 511 (1957), plaintiff had entitled his complaint "trespass" instead of "assumpsit", but the court said, at page 516:

"Some day we probably will follow the example of the State of New York and have but one form of action. In the meantime courts and lawyers will continue to lose much valuable time in procedural matters, such as we are concerned with here. Parties should not be obliged to suffer because of the procedural mistakes of their attorneys. They should be accorded a speedy disposition of their controversies on the merits".

Here, moreover, there was no procedural mistake. The opinions in Miller v. Preitz and Webb v. Zern, supra, were filed on June 24, 1966, and although the complaint was filed on July 14, 1966, Miller and Webb did not appear in the advance reports until August 26, 1966. Thus, an unusual situation arose. When plaintiffs' attorney prepared the complaint, he must have concluded that he could not, under the law of Pennsylvania, plead a case in trespass on the theory of strict liability, for section 402A of Restatement, Torts had not been accepted by the Supreme Court, but that he could plead a case in assumpsit for breach of warranty,

for at least the district court had concluded, in Thompson v. Reedman, 199 F. Supp. 120 (E. D. Pa. 1961), that a guest in an automobile could sue for breach of warranty even without proof of privity. Because neither the Miller nor Webb cases had been published, plaintiffs' attorney did not know that he was wrong in both respects: he could not plead in assumpsit, for Miller disapproved Thompson (422 Pa. at 392, footnote 7); but he could plead in trespass on strict liability, for Webb adopted the Restatement view.

Defendant, however, nevertheless opposes the requested amendment of the complaint because the statute of limitations on a trespass action has run.

In Webb v. Zern, supra, plaintiff had failed to plead a cause of action and the statute of limitations had run, but the court said, in 422 Pa. at page 427:

"The plaintiff in this litigation, therefore, must be given an opportunity to plead and prove his case. Since the plaintiff has broadly pleaded those facts necessary to a cause of action for defective products liability and since we are today adopting a new basis of liability, plaintiff will be permitted to amend his complaint to explicitly state a cause of action in trespass for defective products liability".

Plaintiffs here will be granted the same relief. The changes made in amending the complaint from assumpsit to trepass will not prejudice defendant. The complaint in assumpsit "broadly pleaded" the facts; plaintiffs will have to prove additional facts to make out a case of strict liability, but the burden of proving the additional facts will be theirs and, hence, not one that defendant can complain about.

Accordingly, the court enters the following

## Order

And now, January 27, 1967, defendant's preliminary objections are sustained and the complaint in assumpsit is dismissed with leave to plaintiff to file

within 20 days an amended complaint in trespass in accordance with the opinion accompanying this order.