Kay H. FAULKNER, Plaintiff,

v.

Charles M. SWINDLER, Defendant.

No. C 189–65.

United States District Court
D. Utah, N. D.

March 8, 1967.

Wayne L. Black and Richard C. Dibblee, of Rawlings, Wallace, Roberts & Black, Salt Lake City, Utah, for plaintiff.

Neil R. Olmstead and Richard W. Campbell, of Olmstead, Stine & Campbell, Ogden, Utah, for defendant.

MEMORANDUM DECISION CONCERNING MOTION FOR NEW TRIAL

CHRISTENSEN, District Judge.

This is a suit for alleged malpractice. The defendant as a physician and surgeon had performed an operation on plaintiff's knee during which he had maintained a tourniquet on plaintiff's leg to assure a blood-free field for the operation. Thereafter a cast was applied and maintained on the leg of the patient, and it was in connection with the cast that the claim of negligence arose. The trial occurred November 21 to November 23, 1966, and resulted in a verdict in favor of the de-

fendant and against the plaintiff, "No Cause of Action".

The plaintiff filed timely motion for new trial on the alleged grounds of insufficiency of the evidence to justify the verdict and errors in law.

The ground first mentioned has not been argued. Since clearly there was adequate, although sharply conflicting, evidence tending to support the verdict, we pass to the second ground of the motion.

The basis for the second claim is that the court committed prejudicial error in failing to advise the jury that there could be more than one proximate cause of the damages in question and that if defendant's negligence was a proximate cause, even though not the sole proximate cause, there could be recovery. We assume that in this contention there is recognition that irrespective of whether the defendant's negligence were the sole proximate cause or only one of several proximate causes of injury to the plaintiff, she could recover only for such injuries and related damage as were proximately caused by defendant's negligence, if any. And there is no contention that the court instructed the jury that negligence had to be the sole proximate cause of injury in order to be actionable, except to the extent that it is argued the reference in the instructions to "the proximate cause" would warrant or lead to such an inference.

As background for the following discussion it should be noted that during the pre-trial proceedings plaintiff's counsel disaffirmed any claim that the initial operation on her knee by the defendant was negligently performed or that the application of the tourniquet in connection with such operation was negligent. The position of both parties during the trial on this point was the same, so that the claims of negligence against the defendant related solely to his application of the cast following the operation and his failure to loosen it, remove it or window it thereafter. In this same connection, however, it should also be noted that defendant's position was that there was no negligence on the defendant's part but that any difficulty or injury plaintiff experienced was the proximate result of the non-negligent application of the tourniquet in connection with the operation. Finally, as background, it should be noted that there was no claimed negligence on the part of anyone other than the defendant involved in the case.

Following the court's instructions to the jury, before the jury had retired but out of its hearing, the following proceedings occurred among others:

"THE COURT: Without going into detail about any exceptions, are there any matters that I have overlooked or that you think should be immediately corrected?

"MR. BLACK (of counsel for the plaintiff): I don't think so, your Honor. I do have three small matters that I would take exception to.

"THE COURT: On exceptions? But they're not matters that you should like me to instruct the jury on?

"MR. BLACK: No."

After the jury had retired to commence its deliberations, Mr. Black stated the exception upon which the plaintiff now relies as follows:

"MR. BLACK: * * * Comes now the plaintiff and excepts to the Court's instructions as follows:

"1. Excepts to the failure of the Court to instruct the jury that there can be more than one proximate cause of an injury. It is our position that this was somewhat prejudicial in view of the fact that under the facts of the case two things could have acted in combination.

"THE COURT: Did you request such an instruction?

"MR. BLACK: No, I did not, your Honor. One being the matter of the tourniquet, and the other being the matter of the cast. * * * "

Mr. Black then added a further exception not germane here and thereupon the following was stated:

"THE COURT: I certainly would have given that instruction and debated

about it, if it had been requested; but to call the jury back now at this time I think would give undue emphasis to it and involve us in a rather bottomless problem out of context.

"MR. BLACK: I understand, your Honor."

The court had instructed the jury as follows with reference to the question of proximate cause:

"It is a general rule of law—and I think I should explain this general rule before we get down to the particular application of the rules of law specifically applicable to this case, so that you can consider my further instructions in context—it is a general rule of law that if a person is injured *as a proximate result* of the negligence of another, the negligent party is required by the law to pay damages, if any, proximately caused by such negligence, provided that the claimant prove the case in a court of law by a preponderance of the evidence; and in this case, in view of that general principle, but relying particularly upon the specific principles within the ambit of the general principle, the plaintiff Kay H. Faulkner has brought suit against the defendant Charles M. Swindler. * * *

"Now, in a suit such as this against a physician and surgeon for acts done in his professional capacity, in order to recover, the plaintiff must show by a preponderance of the evidence that in treating her, the doctor did not exercise such reasonable care and diligence as is ordinarily exercised by skilled physicians and surgeons doing the same type of work in the vicinity, and that the want or failure of such reasonable care, if any, *was the proximate cause* of injury to the plaintiff.

"You are further instructed that *the proximate cause* of an injury is that cause which in actual and continuous sequence, unbroken by any efficient intervening cause, produces injury and without which the result would not have occurred. * * *

"It must also be remembered that in a malpractice case it is not necessary to demonstrate conclusively and beyond the possibility of doubt that the negligence of a defendant physician resulted in injury to the patient. It is, therefore, not required in the trial of such cases that the negligence of the defendant *as the proximate cause* of an injury be established with such absolute certainty that any other conclusion is excluded, it being sufficient if on all essential elements of plaintiff's case there is proof in favor of the plaintiff by a preponderance of the evidence.

"Now, I think I have given you in various forms the governing rules and the standards for your application, and I summarize them in reference to this particular case and the salient issues of the case in this way. If the proof in your judgment does not show by a preponderance of the evidence both that the defendant was negligent in failing to conform with the standard of care that I have explained, *and that such negligence,* if any, *proximately caused injury* and damage to the plaintiff, then the plaintiff has not established her case, and your verdict should be no cause of action.

"If, on the other hand, you find from a preponderance of the evidence in your judgment that in the application of the cast in question or in the failure to remove or otherwise loosen the cast at an earlier time the defendant did not reasonably exercise that degree of skill, care, and diligence generally exercised by such surgeons in the vicinity in which the treatment was furnished by the defendant, and that he was thus negligent and if you further find by a preponderance of the evidence *that such negligence proximately caused injuries and damage* to the plaintiff, then you should return a verdict in favor of the plaintiff and against the defendant and assess damages in accordance with the rules as to measure of damages which I shall now give you.

"If you find the issues in favor of the plaintiff and against the defendant, it will be your duty to award plaintiff such damages as you may find from a preponderance of the evidence will justly and fairly compensate her for any injury and damage she has sustained *as a proximate* result of the defendant's negligence. * * *

"You will bear in mind, of course, even with regard to special damages, that if you find for the plaintiff, but find that only a part of these expenses by way of special damages were incurred *as a proximate result* of negligence on the part of the defendant, then you will fix what part was incurred, being a part of this $1,929.05 figure reflected in the exhibit. If you find that all of them were incurred *as a proximate result* of the defendant's negligence, if any, then that entire figure should be included. You will have that exhibit with you.

"Now, with regard to the blank for general damages, if you find for the plaintiff, you will include there a sum to cover all other elements of damages suffered by the plaintiff *as a proximate result of the negligence,* if any, of the defendant, including pain and suffering, disfigurement, disability, and related matters which I have heretofore referred to in my instructions on the measure of damages."

(Emphasis now added to foregoing.)

The definition of proximate cause in the instructions was accurate if not covering every conceivable ramification. As indicated above, no request was made for the court to charge that there could be more than one proximate cause. There is nothing affirmatively appearing in the charge as given that would suggest that there could not be, or that the defendant would be exonerated if his negligence was not the sole proximate cause of plaintiff's difficulty. In the context of this case, since there were not multiple parties and since there was no claim of negligence other than in connection with the cast, the point seems in no sense critical.

The latter point is apparent from the arguments of counsel which I have had the reporter read back to me and in which neither side took notice of the nice refinement now belabored, but demonstrated rather clearly I thought that the case turned as a practical matter on the question whether the defendant doctor had or had not been guilty of negligence. If the doctor were negligent no one contended that he would be relieved from liability because there was also some other proximate cause, and if the doctor were not negligent no one contended that he would be liable or that his non-liability could be established by showing some cause other than negligence. Hence, no matter what theoretical refinements now may be thought to exist, it is inconceivable to the court that there could have been any prejudice resulting from the absence of a theoretical discussion of concurring acts of negligence or concurrent causes. On the contrary, I believe that the instructions fully and fairly stated all of the important elements of law and that even though there had been a request to elaborate, a failure to do so would not have been prejudicial.

It is noteworthy too that the plaintiff in her requests, far from asking the court to charge anything differently, referred to proximate cause about the same way the court did, sometime referring to "the proximate cause" and sometimes referring to "a proximate cause".

In requested instruction number 6, the plaintiff requested that the jury be charged as follows:

"It must also be remembered that in malpractice cases, it is not necessary to demonstrate conclusively and beyond a possibility of a doubt that the negligence of a defendant physician resulted in the injury to the patient. It is therefore not required in the trial of such cases that the negligence of the defendant, *as the proximate cause* of the injury, be established with such absolute certainty that any other conclusion is excluded."

In requested instruction number 7, the court was asked to charge:

"If you should find that the defendant, Doctor Charles Swindler, failed in any of the duties I have mentioned, and that such failure *was a proximate cause* of injury to the plaintiff, then your verdict must be in the plaintiff's favor."

In requested instruction number 9, the defendant again varied the language much as the court did in its charge when it asked the court to charge:

"If you find from a preponderance of the evidence that in the application of the cast or in the failure to remove the cast at an earlier time defendant did not exercise that degree of skilled care and diligence generally possessed by surgeons in the vicinity in which the operation was performed, then you are instructed that defendant was negligent, and if you further find that such negligence, if any, *proximately caused injuries and damage* to plaintiff, then you should return a verdict in favor of the plaintiff and against the defendant and assess damages in accordance with these instructions."

And finally, in about the language the court used in its charge, plaintiff's request number 11 asked the court to charge:

"If you find the issues in favor of the plaintiff and against defendant it will then become your duty to award plaintiff such damages as you may find from a preponderance of the evidence will justly and fairly compensate her for any injury and damage she has sustained *as a proximate result* of defendant's negligence."

(Emphasis now added.)

■ Thus it will be seen that not only did the court give a technically correct definition of proximate cause but in its instructions it referred to the application of the definition in substantially the same manner as the plaintiff's requests to instruct did. There was no request made of the court to the contrary nor no imperfection in the instruction called to the court's attention until after the jury retired to deliberate upon its verdict. As a matter of fact, the court called counsel to the bench while the jury was still in the courtroom and while any such minor refinement could have been appropriately covered without undue or prejudicial emphasis or confusion and invited counsel to suggest any matters that should be corrected. Counsel for the defendant then indicated that there were no matters in the instructions, apart from any question of detail concerning exceptions, that he thought the court had overlooked or that he thought should be immediately corrected. It was only after the jury retired to deliberate upon its verdict that he stated the exception under discussion into the record, and it was the court's impression then that beyond the fact that the refinement was of little importance in view of the context of the case and the arguments, to then call the jury back and single it out would do more to confuse and unduly emphasize than to clarify. After reviewing the entire record, I am convinced that the verdict can be explained only on the theory that the jury accepted the testimony of the defendant's experts to the effect that there was no negligence on the part of the defendant rather than the testimony of plaintiff's experts. It does not appear reasonable to suppose that the minor technical refinement mentioned had anything to do with this verdict.

There are no authorities cited by counsel which suggest a different result. United States v. First Sec. Bank of Utah, 208 F.2d 424, 42 A.L.R.2d 951 (10th Cir. 1953), was a tort claim action and did not involve instructions. It dealt with the substantive rule concerning concurrent acts of negligence by multiple actors. The annotation of 13 A.L.R.2d beginning at page 11 is of little assistance on the point involved here, nor is the case of Hardin v. Pennington, 403 S.W.2d 71 (Ark.1966), also relied upon by counsel for plaintiff because of dif-

ferent contexts.[1] Engstrom v. Wise Dental Co., 97 Or. 634, 193 P. 187 (1920), noted in the annotation, however, is instructive to a degree even though there the party had requested a refining instruction, which request had been refused. The court refused to give an instruction to the effect that, "Where there are two or more possible causes of the condition from which plaintiff suffered, for one or more of which the defendant is not responsible, the plaintiff, in order to recover, must show by a preponderance of the evidence that the injury was wholly or partly the result of that cause which would render the defendant liable. * * *" This request was substantially a copy of an instruction which had been requested and refused in another Oregon case resulting in a reversal by reason of such refusal. In the *Engstrom* case, however, the Oregon Supreme Court took notice of the importance of the context of the instructions and said that even though the refusal to give the requested instruction might have been technically erroneous in view of the prior decision, it could not have been prejudicial because of the court's charge that it was necessary to show that defendant's negligence was "the proximate cause of her injury". Proximate cause in that case was defined substantially as the court has defined it without the elaboration contended for here. The court's charge in *Engstrom* follows:

"The only negligence for which the defendant can be liable in this case is the negligence in one or more of the particulars alleged in the complaint. * * * Another essential to recovery is that the negligence alleged in the complaint must be the proximate cause of the injury. The proximate cause of an injury is the cause which produces the injury and without which injury would not have been sustained.

The burden of proof in this case is first upon the plaintiff to satisfy you by a preponderance of the evidence that the defendant was guilty of negligence in one or more of the particulars alleged in the complaint, and that such negligence, if any, was the proximate cause of her injury. * * * And if you are not satisfied by a preponderance of the evidence that the defendant acted unskillfully and negligently, or used unclean instruments as alleged, and further that such use or such practice was the direct and proximate cause of an infection of plaintiff's left lower jaw, then your deliberations will be at an end, and you must return a verdict for the defendant in this case. If, on the other hand, you are satisfied by a preponderance of the evidence that the defendant was guilty of negligence in one or more of the particulars alleged, and that such negligence was the proximate cause of the injury to plaintiff's jaw as alleged, then you should proceed to the consideration of the other issues involved in this case."

■ No contention was made by counsel for the plaintiff until the filing of their last brief that apart from the claimed erroneous instruction or erroneous failure to instruct there was any ground for granting the motion for new trial. It then was for the first time suggested that the court should exercise a discretion to order a retrial. The court does have a discretion to do so if it is convinced that the result is contrary to the overwhelming weight of the evidence or otherwise is essentially unjust. Peter Kiewit Sons Company v. Clayton, 366 F.2d 551 (10th Cir. 1966); United States v. Flippence, 72 F.2d 611 (10th Cir. 1934); Magee v. General Motors Corp., 213 F.2d 899 (3d Cir. 1954). I am not so convinced, even though had I been the fact finder I may have reached a different result dependent upon the

1. There a request had been made and refused for an instruction concerning more than one proximate cause; such instruction being later deemed by the trial court vital in view of the claim of the defendant that the driver of the other car, not a party had caused the collision through his own negligence. Under such circumstances the appellate court held that in granting a new trial for failure to grant plaintiff's request to charge the trial court did not act arbitrarily.

weighing and the acceptance or rejection of expert testimony. Despite such possible divergence in the weighing of testimony, a proper regard for the jury system leads me to conclude under the circumstances of this case that the verdict should not be disturbed.

Accordingly, the motion for a new trial is hereby denied.